## McDonald *v.* State.

### (*Knoxville.* September 27, 1890.)

1. **Self-defense.** *Erroneous charge.*

   Court's charge upon the subject of self-defense is erroneous in which the phrases "great or enormous bodily harm," and "great and enormous bodily harm," are used instead of the oft-repeated and well-settled language—"great bodily harm." "Enormous" is not synonymous with "great," but is a word of stronger import.

2. **Courts.** *Their duty with reference to charging the law.*

   Courts should not, in charging juries, depart from the long-settled, oft-repeated, and well-understood language in which the Court of last resort has declared the law.

3. **Same.** *Their rights and duty with reference to asking witnesses questions.*

   While the Court may, with propriety, propound questions to a witness, even in a criminal case, yet he should rarely do so, and never in such manner as to indicate to the jury his opinion of the merits of the case.

---

### FROM KNOX.

---

Appeal in error from the Criminal Court of Knox County.  S. T. Logan, J.

Taylor & Hood and S. G. Heiskell for McDonald.

Attorney-general Pickle for State.

11—5 p

McDonald *v.* State.

TURNEY, Ch. J. Plaintiff in error was convicted of involuntary manslaughter, and sentenced to four years in the penitentiary.

In his charge to the jury the Court said:

"In order to justify the defendant under his plea as before stated, there must be some words or overt act at the time clearly indicating a present purpose on the part of Price to take defendant's life, or do him great or enormous bodily harm," and added:

"Did the act or demonstration of Price toward defendant clearly indicate a purpose, at the time of the stroke, to take his life or do him great and enormous bodily injury?"

These passages are assigned as error, and we think properly. On this subject the law in Tennessee, evidenced by a long line of decisions is:

"That if at the time of the killing the defendant was in danger of death or great bodily harm, or honestly believed, upon reasonable grounds, that he was in such danger, then the killing would not be murder or manslaughter, but would be self-defense."

It is insisted by the Attorney-general that the phrase "great or enormous bodily harm is not erroneous;" that "the words are synonymous, or nearly so." To be nearly synonymous is not sufficient. To satisfy the law there must be complete synonymy. Especially must this be so after the use of "great" in our Courts for a period of sixty years without addition or qualification. To

say that the words are nearly synonymous is ·to admit a difference in their grades of meaning. We must also look to the meaning as commonly understood by the community, and as naturally interpreted by juries. By this rule, it is readily seen, the word "enormous" has more intensity and a deeper color of expression than the word "great."

Courts and juries are accustomed to the one and not to the other in the investigation of homicides. Their education must be regarded. Without the word "enormous" the charge on this particular subject would have been perfect; with the addition of "enormous" the Court must be understood to have meant something more than "great," or as explaining to the jury what he would have it to understand he meant by the use of that word. If synonymous, there was no occasion for the tautology, and its use was calculated to mislead. The fact that at one time the Court says "great or enormous," and at another, in the same connection, "great and enormous," does not relieve the error, as the qualifying sense still remains, and "enormous" defines "great."

Of course, as said in the case of Selfridge, "a man who, in the lawful pursuit of his business, is attacked by another, under circumstances which denote an intention to take away his ·life, or do some enormous bodily harm, may lawfully kill the assailant," etc.

There can be no doubt of the soundness of this law as charged in Massachusetts in 1806, but it

does not follow that the accused in that case was not entitled to the milder rule of "great bodily harm." He did not need it, however, as the jury acquitted him, and he had no occasion to ask a review of the charge.

When the path is plain and well marked by long and consistent travel, it is always safe to pursue it, while it is always dangerous to undertake to make a new one to the same end, or to qualify old, unbroken, and well - understood expressions of what the law is.

The accused said, as a witness, that deceased drew his hand from his pocket, and that he (witness) thought he had a weapon.

The Court asked: "Did you find any weapon in his hand or about him?" Witness said he did not. This is urged as error. We will only say that while the Court may, as a matter of right and duty, call on a witness to repeat or explain what he may have said on any subject of inquiry, he should do so with care and caution, and in a way not to indicate to the jury any impression of the weight or importance his mind attaches to the testimony inquired about. It is natural that jurors should be anxious to know the mind of the Court and follow it; therefore a Court cannot be too cautious in his inquiries.

As a rule Courts are to try cases as made by parties or attorneys, and not make the effort to supply what may seem to them as missing links in the chain of testimony; to do so would be

McDonald *v.* State.

error. In this instance we do not hold the action of the Court was error, nor is it necessary to do so in view of our holding on the first question.

For the error indicated the judgment is reversed and the cause remanded.