SMITH *et al. v.* MOSS *et al.*

(*Nashville,* December Term, 1936.)

Opinion filed Jan. 23, 1937.

PIGFORD & KEY, of Jackson, and D. E. MITCHELL, of Henderson, for appellants.

Ross & Ross, of Savannah, and Jere I. Galbraith, of Henderson, for appellees.

Mr. Justice DeHaven delivered the opinion of the Court.

The bill herein was filed by three daughters of W. H. Moss, deceased, against his widow, daughter, and son, and sought to have all the rights and interests of each of the defendants in and to the real and personal estate left by W. H. Moss, deceased, held forfeited under sections 8388 and 8395 of the Code, on the ground that the defendants entered into a conspiracy to murder W. H. Moss and, pursuant to said conspiracy, did murder him.

The defendants answered the bill and denied all of its material allegations with reference to the alleged forfeiture of their respective interests in the estate of said deceased.

By an amended and supplemental bill, complainants sought a partition of the real estate left by deceased.

The cause was heard by the chancellor on oral testimony, pursuant to the following written stipulation signed by counsel for the respective parties and filed in the cause:

"In this cause, the defendants with the consent of the complainants, having withdrawn their demand for a jury, made in the pleadings, and waived their right to a trial by jury in this cause, it was thereupon agreed by the complainants and the defendants, through their respective counsel, that this cause be tried before the Court, upon the oral testimony of the witnesses examined in open Court before the Chancellor, under the provisions of chapter 119 of Acts of 1917, Code of 1932, section 10564, and

according to the usual forms of chancery practice, and it is further agreed that said oral testimony heard by the Court may be transcribed by the stenographer and filed in the cause as the depositions of the respective witnesses.

"This the 13th day of September, 1933."

The chancellor, after the proof was heard, sustained the bill as to the forfeiture of the interest of defendant Lilburn Moss (he having been convicted of the murder of his father), but dismissed the bill as to the forfeiture of the interests of the other defendants. The chancellor further held that the parties were entitled to a partition of the real estate.

From the final decree, which was in accordance with the findings of the chancellor, complainants prayed and were granted an appeal to the Court of Appeals, and allowed thirty days within which "to prepare, have signed by the court and filed in the cause their bill of exceptions."

No bill of exceptions was filed. There is present in the record, however, a transcript of the oral evidence heard by the chancellor, but it is not verified, signed, or ordered filed by him. Out of a total of 592 pages contained in the transcript, the clerk and master limited his certificate to 122 pages.

In the Court of Appeals, appellees moved to strike from the record all that part thereof purporting to set forth the oral evidence heard by the chancellor because not preserved by bill of exceptions, and to affirm the decree of the chancellor on the ground that all the assignments of error filed by appellants were directed to certain findings of fact made by the chancellor. The court sustained the motion to strike and for an affirm-

ance, and remanded the cause to the chancery court of Chester county for further proceedings under the decree of the chancellor.

Complainants have filed their petition for *certiorari* and assigned errors which, taken together, make the one principal insistence that it was error to strike from the record the evidence shown therein because under the within stipulation filed in the cause the testimony was permitted to be filed as the depositions of the respective witnesses.

Section 10564 of the Code, specifically referred to in the stipulation, is as follows:

"All causes instituted or brought in the chancery court may be heard and tried upon the oral testimony of witnesses introduced in open court upon the agreement or consent of the parties to such suit expressed in writing and filed in the cause to be so heard and tried, which written consent may be embodied in the pleadings or by separate agreements filed in the cause at any time before, or at the time when, any cause may be called for hearing."

In *Fonville* v. *Gregory*, 162 Tenn., 294, 36 S. W. (2d), 900, this court held that in order to obtain a review of any cause heard in the chancery court upon oral testimony, it is necessary to preserve that testimony in a bill of exceptions since evidence so heard cannot otherwise be authenticated for review.

Petitioners are insisting that when the oral testimony of witnesses was transcribed by a stenographer and filed in the cause such transcription became the depositions of the respective witnesses. In support of this contention they rely on the stipulation. It is then argued that,

if treated as depositions filed in the cause, the Court of Appeals was in error in striking them from the record.

The cause was not heard upon depositions, but upon oral evidence introduced before the chancellor. The only way known to preserve the oral testimony and make it a part of the record is by bill of exceptions. In that way only could such evidence be authenticated for review. The agreement that the oral testimony heard by the court could be transcribed by the stenographer, and filed as the depositions of the respective witnesses, can avail petitioners nothing because after transcription the testimony was not authenticated by the chancellor.

*Certiorari* denied.