BLUFF CITY BUICK COMPANY

*v.*

RICHARD B. DAVIS.

(*Jackson,* April Term, 1958)

Opinion filed March 12, 1959.

W. C. Rodgers, Memphis, for petitioner Davis.

James F. Schaeffer, Memphis, for respondent Buick Co.

Mr. Justice Burnett delivered the opinion of the Court.

The petitioner Davis filed this bill seeking rescission of a sale to him by the defendant motor company of a Buick automobile on the ground that there was a breach of warranty, practice of fraud, "by selling him a used automobile for a new one", and that he "purchased from the defendant a four-door 1956 Buick Sedan, which the defendant represented to be an absolutely new car, unused to any extent; * * * that after he had taken said car home, and started to using it, he began to discover

indications of various sorts that the car was either a used car, had been in a wreck, or had been badly abused, so he began to examine the car closely and more carefully, found that the tires showed wear, that there were marks and scratches on the body and other parts of the car; that there were numerous items of personal nature in the inside of said car, particularly under the seats, conclusively showing that the car had been substantially used by other persons. On investigations, he found that the car had not been delivered to Bluff City Buick Company direct from the factory, or an exclusively new wholesale distributor.''

''That he called upon the defendant to rescind the sales contract, and to return to him his old Buick which he had traded in on this so called new one, and the money and expense already incurred, when the defendant began to put him off, stall and contend that he said automobile was brand new.''

''On further investigation, he learned that the car had been previously owned by the Buick dealer in West Memphis, Arkansas, and, as stated, that it was not an absolutely new car, but apparently one that the defendant had bought at a reduced price by reason of the fact that it had been used as a demonstrator or had been sold and returned after weeks or months of use. * *''

We have quoted from the bill the principle gravamen of the claimed right of rescission.

To this bill and as it was amended the defendants filed their answer and amended answers denying the principal allegations of the bill and set up laches in making claim to this rescission and placing reliance on Section

47-1269, subsection 3, T.C.A. this being a portion of the Uniform Sales Act.

After these issues were thus made by the bill and answer the complainant having requested a jury trial in his original bill certain issues of fact were made up and submitted to a jury in the Chancery Court. These issues were three in number. The first being: Was the 1956 Buick Automobile sold and delivered by the defendant Bluff City Buick Company to complainant, Richard B. Davis, a new automobile? This was answered in favor of the plaintiff, in other words that it was not a new automobile. The second question was, If your answer is no, did complainant tender the car back to the defendant? This query was likewise answered in favor of the complainant and against the defendant to the effect that he did tender the car back to the Buick Company. The third question is: If your answer to Query No. 2 is yes, did complainant make the tender within a reasonable time after allegedly discovering that the car sold and delivered by the defendant was not new? As to this third question the jury could not agree.

Subsequent to this trial before the jury and the answers to the questions as indicated above, the defendant filed a motion which is captioned: "Motion Of Defendant For Decree Notwithstanding The Verdict Of The Jury Or In The Alternative For A New Trial." This motion is in three paragraphs. The first paragraph moves for a decree notwithstanding the verdict because the complainant continued to use the automobile after making his election to rescind and continued to use the same up to and during the trial.

The second paragraph of the motion sets up a further ground for a decree notwithstanding the verdict and

that the court rule "as a matter of law as to the third issue submitted to the jury i. e., that the period of time between the discovery of the alleged breach of warranty and the time in which the complainant elected to rescind the contract was an unreasonable length of time, depriving complainant, under such circumstances, of the remedy of rescission." Obviously this second paragraph of the motion is a waiver by the defendant of having this issue submitted to a jury. Here plainly under the motion the defendant is taking the position that under the facts as heard by the Court that the Court as a matter of law should determine whether or not rescission was made in a legal time. This the Court did in its decree which was entered some weeks after this motion was filed and was complained of in the Court of Appeals. Under the third ground of the motion the defendant claimed that in the alternative he moved for a new trial because the jury was unable to agree on this third issue.

After this motion was filed and argument heard the Chancellor entered his decree based on the findings of the jury and held that the third issue was immaterial in view of the findings on the first two. He approved the finding of the jury and held that immediately upon confirming his suspicions that the car was a used car that defendant had tendered it back and that the company had steadfastly refused to take it back or rescind. Then there is a computation of the costs of this car to Davis, the notes he gave, etc., and what was allowed him for a trade-in, and based on this computation it was determined that on the amount of money paid by Davis plus this other car and the fact that he had used the new car during that time that the Buick Company should repay to him $764.95. A decree was entered for this amount.

The Buick Company appealed to the Court of Appeals and that Court in a rather comprehensive opinion reversed on two grounds: namely, (a) that as a matter of law the Chancellor erred in not instructing the jury as to what the word "new" in the first question meant, and (b) that the company was entitled to a mistrial because the jury had not agreed on the third issue. The complainant, Davis, has seasonably petitioned this Court for *certiorari* which has been heretofore granted and the case has now been argued and we have the matter for determination.

■■ It must first be noted that as to the two issues submitted to the jury if the defendant desired to question the findings or the holding of the Chancellor in submitting these questions to the jury and to seek a review of his conduct of this trial as to the sufficiency of the evidence to support these verdicts it was necessary, as in law cases, to perfect a bill of exceptions. It is only when the decree of the Chancellor upon points of law appearing upon the record proper without reference to the evidence which is heard by the jury that no bill of exceptions is necessary. *Smith v. Moss,* 171 Tenn. 132, 101 S.W.2d 130; *Carpenter v. Wright,* 158 Tenn. 289, 13 S.W.2d 51.

■ It has long been the practice of this Court that when motions for a new trial and in arrest of judgment are made in the same motion that the Court will consider that the motion made in arrest of judgment is a waiver of the motion for a new trial and that under or in such a situation this Court or the Appellate Court is in no position to question the findings of the jury upon the evidence. *Freeman v. Illinois Cent. Railroad Co.,* 107

Tenn. 340, 64 S.W. 1. As we view the matter the same rule should apply as the parties are in almost identical situations when a motion for a judgment *non obstante veredicto* is filed along with a motion for a new trial.

■■ A motion *non obstante veredicto* is a test of the pleadings and cannot be used as a substitute for a motion for a new trial. *Citizens' Trust Co. v. Service Motor Car Co.,* 154 Tenn. 507, 297 S.W. 735, and *Carpenter v. Wright, supra.* This Court has not heretofore decided this question, that is, whether or not a motion *non obstante veredicto* may be made along with or before or after a motion for new trial and what happens. In reference to this question though the able author of Caruthers, History of a Lawsuit, 7th Edition, Gilreach, says on page 426 of that work:

> "In logic and reason it (motion *non obstante veredicto*) should be made before the motion for a new trial, because a plaintiff, who is entitled to a final judgment, should not be required to move for a new trial, even when the errors committed against him would compel the trial judge to grant it, at the hazard of losing his right to move for a new trial if his motion for a judgment notwithstanding the verdict should be overruled. It is generally held that the motion for judgment notwithstanding the verdict should be made immediately after the return of the verdict, and before the entry of judgment."

A motion for judgment notwithstanding the verdict is not one of the proceedings for the correction of errors. It simply is a motion for a judgment on the pleadings.

■ Thus in view of these legal principles let us look at the situation presented here. The motion is entitled,

"A Motion Notwithstanding The Verdict". When the facts under which the jury arrived at the answer to these questions cannot be looked to, the pleadings only are available. Clearly under the pleadings and especially looking to a portion of the bill heretofore copied we can see that this motion must fail. We or the Appellate Court are not entitled to see what the evidence was. Aside from this fact, though, the Chancellor who heard this evidence before the jury approved the findings of the jury in his decree.

■ Under the second phase of this motion, notwithstanding the verdict, the Chancellor is again asked under the third issue, as to whether or not tender had been made within a reasonable or statutory time, to determine as a matter of law by the defendant—the complaining party—that tender had not been made within a reasonable time. The complainant who had originally asked for a jury trial conceded apparently before the Chancellor and before the decree was drawn that this issue had now become immaterial and agreed that the Chancellor could under the findings of the jury, at least he tacitly did so (the record does not show but by his argument and the decree of the Chancellor he did so), agree that the Chancellor might find this issue. The Chancellor has found the issue and found that under the findings of fact of the jury which he was satisfied with that tender had been made within reasonable time.

In view of this second portion of the motion by the defendant, and what we have said immediately preceding this, this of course eliminates the third part of the motion that a mistrial be declared. When the jury answered question No. 2 that the car had been tendered

back and when they answered question No. 1 that it was a used automobile and not as represented, they then by this combined answer left no determination for them as to whether or not the automobile was tendered within a reasonable time after Davis had become convinced that it was a used car when it was sold to him. In view of the motion as here made that the Chancellor treat this as a matter of law and in view of this combined finding of the jury above it seems to us that the finding of the Chancellor was justified, that this question had become immaterial, and it was not necessary to submit it to the jury. He thus correctly resolved this question in favor of the complainant.

■■ The Court of Appeals held that as a matter of law the Chancellor erred in not instructing the jury as to the meaning of the word "new" car. We are convinced that this is error for a number of reasons. It is true that the first query to the jury used the word "new" car and that after the jury had been out a while they came back in and asked the Chancellor what was meant by it and the Chancellor told them to use their own judgment under the proof but there were no special requests offered by either the defendant or the complainant giving a definition of the meaning of the word "new". This Court has held for more than 100 years that we would not reverse a case for meagerness, inadequacy, etc., or failure to give a charge unless a special request is asked which correctly sets forth the points to be charged. *McClard v. Reid,* 190 Tenn. 337, 229 S.W.2d 505. This has been followed invariably in criminal cases for reasons set forth in various and sundry opinions which may be found by reference to either the case last cited or that of *Gentry v. State,* 184 Tenn. 299, 198 S.W.2d 643. When

we look to the pleadings in this case a portion of which is quoted in the outset it is easy to see what the meaning of new was in this query put to the jury. The complainant took the position that so and so kind of a car had been put off on him as one immediately brand new. Clearly these fact issues which were submitted to the jury showed the jury what was meant by the term as here used. The term may have been inadvisedly used, it might have been that it should instead of ''new'' car said ''a used car'' for them to have found it out. That is what the jury did, they found that it was a used car. We cannot go into the facts for the reasons heretofore assigned but clearly under the pleadings and by reason of the fact that no request as to charge was made the Chancellor certainly cannot be put in error in this. We therefore think that there was no error in his failure to define the word ''new''. It is for this reason that we think that the conclusion of the Court of Appeals thereon was incorrect and it is accordingly reversed and overruled.

 In an equity case where there is no finding of a jury on a question the case is to be considered on appeal *de novo*. *Carpenter v. Wright,* 158 Tenn. 289, 13 S.W.2d 51. In view of this well recognized rule and the fact that the bill of exceptions is properly a part of this record it becomes the duty of the Appellate Court to examine the proof and to ascertain if the Chancellor's decree on this third question, that is whether or not the tender was made within time, was erroneous. We have heretofore pointed out many reasons of why we think the Chancellor was correct. First probably because from a legal standpoint the finding of the jury on the two issues on which they found probably precluded this ex-

cept for the legal duty of the Chancellor as the thirteenth juror to pass his judgment on such facts as were before them when it comes to considering this issue. This the Chancellor did and found as a fact that this tender was well within time. We have examined this record and fully concur in this finding of the Chancellor. The Chancellor was well justified by reason of what had gone on theretofore in this lawsuit as hereinbefore outlined in concluding that that issue had now become immaterial but even aside from that the proof as we have examined amply justifies this conclusion.

After having read and re-read this record and the authorities therein we are convinced that the Chancellor's decree in awarding the complainant this recovery was correct under law and equity. The decree of the Chancellor will thus be affirmed.