277 A.2d 505.

ANTHONY VALENTE *vs.* H. P. HOOD & SONS, INC.

MAY 26, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while on the defendant's premises. The case was tried to a justice of the Superior Court sitting with a jury, a verdict was returned for the defendant, and the plaintiff's subsequent motion for a new trial was denied. The plaintiff is now prosecuting an appeal in this court.

It is not disputed that on February 23, 1964, plaintiff had gone to defendant's plant located on Harris Avenue in the city of Providence for the purpose of purchasing certain dairy products from defendant. Neither is it disputed that a loading platform, so called, extends along defendant's premises in the parking lot, which is about 2½ to 3 feet in height and is accessible from one end by a small ramp and the other end by a short staircase.

The testimony as to the circumstances under which plaintiff contends he was injured is in sharp conflict. The plaintiff testified that he had ordered his merchandise and had paid for it in defendant's office and gone out on the loading platform to pick up a milk case in which his purchases had been placed and, as he was doing so, several other milk cases fell on him, causing his injury. The testimony adduced through defendant's witnesses, on the other hand, contends that plaintiff had gotten out of his car in front of the loading ramp and had, in attempting to climb up on the platform, taken hold of the top case on a pile of milk cases on the platform and that they toppled over on him. Whatever further discussion of the evidence is necessary will be undertaken later in this opinion.

In the course of trial plaintiff testified that immediately following the accident he left defendant's premises and, after proceeding for a short distance, stopped his car in order to put some ice on his hand, which was throbbing with pain. He then testified that he got back into his car and remembers nothing else. He stated that he does not remember going back to the bakery or going to the hospital. Thereafter it was some five to seven months before he began to remember what happened after the accident. One of his attending physicians testified that plaintiff had told him about this lapse of memory, and there is some testimony on the part of the physician that plaintiff "had amnesia for the event" and that amnesia means "a lack of memory."

The plaintiff's primary contention of error is that the trial justice erred in instructing the jury concerning its exclusive right to pass upon the credibility of witnesses. He argues that while the court in its charge instructed the jury that it was to determine facts and pass upon credibility, the court emphasized its disbelief in plaintiff's testimony concerning the circumstances in which the accident happened on the basis of his comment on the distinction between credibility of witnesses and the reliability of their testimony.

The portion of the charge to which we are referred reads as follows: "You are the sole judges of the credibility of witnesses and of the weight to be given to their testimony. There is also a basis upon which to consider the evidence before you, not necessarily in strict terms of credibility, that is, whether somebody is really telling the truth or not, but in terms of reliability. Not that somebody may be committing perjury, if you want to put it that way, that is wilfully testifying falsely, but reliability, whether he has the memory to recall accurately. And I say, I'm not talking about any particular individual, because these instruc-

tions could go to any case of this kind. Reliability can be something apart from credibility. I don't think I have to belabor that point. Credibility is what you find to be believable. You may also consider the testimony of the witnesses on the question of reliability—that they might be honestly mistaken, that they might not really have seen or heard what they thought they saw or heard."

That the credibility to be given to the testimony of witnesses is exclusively within the province of the jury and that this function may not be infringed by the giving of instructions which disparage the testimony of a witness or which minimize its value is universally held. 1 Reid Branson, *Instructions to Juries,* §37, at 121 (3d ed.). We are persuaded after carefully scrutinizing plaintiff's brief that he views this as a question of improper comment upon the weight of evidence by a trial justice. That, in our opinion, is not the precise question presented to us here. Rather, here we are confronted with the question whether the trial justice so instructed the jury as to infringe upon its exclusive authority to determine questions of credibility by conveying to it the impression that in his opinion the testimony of plaintiff was not reliable, because of his other testimony that immediately after the accident he had suffered a loss of memory which continued for several months.

If the charge on credibility as given by the court can be construed reasonably as singling out the testimony of plaintiff for unusual scrutiny and to convey to the jury the impression that the trial justice was questioning plaintiff's credibility on the basis of the reliability of his testimony, the instruction would be erroneous. We subscribe to the view that a trial justice invades the province of a jury when he expresses an opinion on credibility or conveys to the jury his impression of the weight that it should give to any of the testimony. *State* v. *Harris,* 89 R. I. 202,

152 A.2d 106. Whether a challenged instruction given by the trial justice invaded the province of the jury is to be determined by how it would have been understood by ordinarily intelligent lay persons sitting with the jury when delivered by the court. *State* v. *Reid,* 101 R. I. 363, 366, 223 A.2d 444, 446; *D'Arezzo* v. *John Hancock Mutual Life Ins. Co.,* 102 R. I. 56, 61, 228 A.2d 114, 117.

In *State* v. *Goff,* 107 R. I. 331, 339-40, 267 A.2d 686, 690, quoting from *State* v. *Hull,* 106 R. I. 285, 288, 258 A.2d 791, 793, we said that such a question is to be decided " '* * * not by how we as a reviewing court read the challenged instruction from the printed page, but on how ordinarily intelligent lay persons sitting in a jury box would have understood it, as they listened to it within the context of the whole charge at the close of the trial.' "

Absent some unusual circumstance we would be inclined to consider the challenged instruction as being cautionary in nature and by no means violative of the principle that the court must not invade the exclusive right of the jury to determine the credibility of witnesses and the weight to be given to their testimony. There is, however, in this case an unusual circumstance. Here plaintiff testified that he had suffered a loss of memory which persisted over a period of months, and, as the record discloses, one of the medical witnesses testified that plaintiff had amnesia as to the event.

The court charged that credibility is for the jury and went on to refer to the reliability of the testimony of witnesses. The language is reasonably susceptible of an inference that the credibility of a witness and the reliability of his testimony were distinguishable and that even though they found the witness credible, in determining the reliability of his testimony they could consider "whether he has the memory to recall accurately."

We are constrained to conclude, when we examine the

challenged portion of the charge, that it would tend to convey to ordinarily intelligent jurors the impression that the trial justice was directing their attention to plaintiff's testimony and questioning its credibility or reliability because of his testimony concerning a lapse of memory. We are aware that in the course of this instruction the trial justice cautioned the jury that he was not referring to any particular witness.

However, it is clear from the record that the instruction concerning the capacity of the witness to recall accurately what happened had application only to the plaintiff. It is our opinion, then, that in this peculiar circumstance we cannot assume that such curative language would serve to erase from the minds of the jury the impression that the trial justice was questioning the credibility of the plaintiff on the basis of his testimony as to his subsequent loss of memory. Because we reach this conclusion, it is our opinion that justice requires that a new trial be ordered.

The appeal of the plaintiff is affirmed, the judgment appealed from is reversed, and the case is remitted to the Superior Court for a new trial.

*Guy E. Gallone,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.