**Phillip McCANDLESS and Ardis D. Parker, Plaintiffs-Appellants,**

v.

**OAK CONSTRUCTORS, INC., and Bobby Jackson, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Aug. 6, 1976.

Certiorari Denied by Supreme Court Dec. 6, 1976.

Avon N. Williams, Jr., Nashville, for plaintiffs-appellants, on appeal only.

James C. Summers and T. O. Morris, Howser, Thomas, Summers, Binkley & Archer, Nashville, for defendants-appellees.

## OPINION

TODD, Judge.

In these consolidated cases, the plaintiffs, Phillip McCandless and Ardis D. Parker, have appealed from a jury verdict and judgment dismissing their suits against Oak Constructors, Inc., and Bobby Jackson and awarding judgment of $1,788.00 in favor of Oak Constructors, Inc., against Ardis D. Parker in a cross action.

The cases arose out of a motor vehicle collision which occurred on June 1, 1973, at about midday, on Goose Creek Bypass, a public highway in Williamson County. Plaintiff Parker was the owner and operator of a Chevrolet sedan in which plaintiff McCandless was a passenger. Defendant,

Bobby Jackson, was operating a Chevrolet truck on the business of its owner, Oak Constructors, Inc.

Both vehicles were traveling in a southwesterly direction when the Parker sedan undertook to slow down and begin a left turn into a driveway and the truck operated by Jackson overtook the sedan and struck it.

In case No. 9039, Phillip McCandless, the passenger, sued Oak Constructors, Inc., and Bobby Jackson for personal injuries. As stated, this action was dismissed and the plaintiff appealed.

In case No. 9040, Ardis D. Parker sued Oak Constructors, Inc., and Bobby Jackson for personal injuries and property damages. The defendant, Oak Constructors, Inc., filed a counter-complaint for property damage. As stated, the plaintiff's suit was dismissed, damages were awarded to cross-plaintiff, and the plaintiff-cross-defendant appealed.

The first assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'In a negligence case such as this is *if a party,* making a claim for his own injuries and damages based on the negligence of the other parties *is himself negligent* and *if that negligence* was either *the proximate cause or a concurring proximate cause of the accident then he is not entitled to recover,* but the burden of proving contributory negligence is on the adverse party. In other words, contributory negligence is involved here or a claim of contributory negligence is involved in Ardis Parker's claim and also in Oak Constructor's claim, in other words *if Ardis Parker was guilty of contributory negligence he can not recover. If Mr. Jackson was guilty of negligence which is a proximate cause* that's chargeable *to his employer,* and therefore he *can not recover if it is a proximate cause of the accident.'* (B.E. 171)": (Emphasis Supplied)

■ Appellant Parker complains that the charge discriminates against him in charging erroneously that any negligence on his part (whether proximate cause or not) would bar his recovery, whereas the cross-plaintiff's suit would be barred by negligence of Jackson *only if* Jackson's negligence was a proximate cause of the damages claimed. It should be noted, however, that the charge states that *contributory* negligence of Parker will defeat his recovery and negligence of Jackson *which was a proximate* cause will defeat the suit of his employer. It is possible that the Trial Judge inadvertently omitted "proximate cause" in connection with his mention of contributory negligence of plaintiff, Parker. However, "contributory" and "proximately causal" are substantially synonymous; and the charge as a whole does not convey an erroneous impression for the reason that the first sentence in the paragraph correctly states the law as to both plaintiff and cross-plaintiff. *Smith v. Parker,* 213 Tenn. 147, 373 S.W.2d 205 (1963).

At another point in the charge, in discussing remote contributory negligence, the Trial Judge stated:

"I have previously charged you in connection with the contributory negligence and how it applies to the several claims in this case. In any case where contributory negligence would be a complete defense you may find there is not contributory negligence in the sense of it being a direct or proximate cause or concurring cause, but you may find that there was remote contributory negligence . ."

The Trial Judge thus presented proximate cause as being a necessary requisite of contributory negligence. In this light, the expression "contributory negligence" would mean "proximate contributory negligence" or "negligence that proximately caused . . ."

If it was conceived that the jury was being misled by an inadvertence in the charge, there was opportunity to call same to the attention of the Trial Judge and to submit a request for a correcting instruction. *Rush v. Lick Creek Watershed District,* 50 Tenn.App. 28, 359 S.W.2d 582 (1962).

The verdict of the jury demonstrates that plaintiff-appellant Parker was not prejudiced by the charge on contributory negligence. Before the jury could render a verdict for damages against appellant as cross-defendant, under the law and the charge it was necessary to find the cross-defendant (Appellant Parker) guilty of negligence proximately causing the collision. Therefore, the verdict against the cross-defendant, Parker, contained the finding of fact that cross-defendant, Parker (ergo, plaintiff Parker) was guilty of negligence which proximately caused the collision. Since the jury, in its verdict on the countersuit, found *proximate* negligence on the part of plaintiff Parker, the omission from the charge of the necessity of proximate cause became immaterial.

In view of the other correct statement of the law in the charge, it is not considered that the inadvertence was prejudicial, ergo, was not reversible error. T.C.A. §§ 27–116, 117.

The first assignment of error is respectfully overruled.

■ The second assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'In ascertaining where the preponderance of all the evidence is you will not be guided alone by the number of witnesses who have testified in favor of or against any party because evidence must be considered and weighed with reference to its value and not merely with reference to the number of witnesses who may have testified. In weighing the testimony of the witnesses you should consider their intelligence and motives, their means of knowing whereof they speak, reasonableness or unreasonableness of the testimony given, the interest or lack of interest that any witness may have in the result of the case, the relationship of any wit-

ness by blood or marriage or business association between any witness and any of the parties together with the witnesses appearance, conduct while on the witness stand and any other circumstances that may show a leaning towards one side or the other. It is for you to judge credibility of the witnesses and to reconcile all conflict and discrepancies, if any, in their testimony upon the supposition that all of them have spoken the truth if you can do so, but if you can not do this it is your duty to believe that evidence which you think worthy of belief and to ignore such evidence that you can not believe. If any witness has behaved in such a manner as to make you doubt his testimony then the weight to be given to the testimony of such witness or any part thereof, is a matter which the law leaves to the sound discretion of the jury. You may accept or reject any part or all of such testimony according to its degree of credibility.' (B.E. 172–173)."

Appellants insist that, by suggesting criteria for evaluating the truthfulness of witnesses, the Trial Judge invaded the fact-finding province of the jury.

Appellants cite *Morgan v. Tenn. Cent. Ry. Co.,* 31 Tenn.App. 409, 216 S.W.2d 32 (1948), wherein this Court stated that the credibility of witnesses is for the jury, not the judge, to determine. However, said statement was made in reversing a directed verdict and not in criticism of an instruction as to the standards for evaluating credibility.

Appellants also cite *Finks v. Gillum,* 38 Tenn.App. 304, 273 S.W.2d 722 (1954) wherein this Court stated credibility was for the jury, but the statement was made in affirming the refusal of a Trial Judge to direct a verdict and not in criticism of a jury charge.

Appellants further cite *Clark v. Engelberg,* 58 Tenn.App. 721, 436 S.W.2d 465 (1968), *however that* case also affirmed a jury verdict for the plaintiff and did not involve a challenge of a jury instruction.

In *McClure v. Felts* (1965), 252 Miss. 234, 172 So.2d 549, cited by appellants, the Trial Court instructed the jury as follows:

". . . as a matter of law and irrespective of the testimony of any particular witness for either party, you are the sole judges of the weight and worth of the testimony and of the credibility of the witnesses, and that it is within your province, in making up your verdict in this case, to accept or reject, in whole or in part, the testimony of any witness or witnesses; * * *." 172 So.2d, p. 552.

The Mississippi court held that the quoted instruction contravened the duty of the jury "to honestly and fairly consider all of the testimony offered." The entire charge is not quoted in the cited opinion, hence it is impossible to evaluate the quoted portion of the charge in the light of the charge as a whole.

In the present case, the Trial Judge charged the duty "to reconcile all conflicts and discrepancies . . . upon the supposition that all . . . have spoken the truth if you can do so . . . ." The substance of the admonition just quoted is to the effect that the jury should "honestly and fairly consider all of the testimony offered." In the light of such admonition it can hardly be said that the jury was authorized by the court to arbitrarily disregard the testimony of one or more witnesses. The jury was authorized to "ignore such testimony as you cannot believe" only in event of a conflict with other testimony which the jury considered more credible.

The charge used by many judges, including the writer of this opinion, has included the following:

"In weighing the testimony of a witness, the jury should also consider whether all the testimony of the witness is consistent or whether it contradicts itself or is contradicted by the testimony of other credible witnesses. Immaterial contradictions or discrepancies in the testimony of a witness do not necessarily affect his or her credibility, unless there is something to show that they originate in willful

falsity. The jury cannot and must not arbitrarily disregard the testimony of any witness, unless it should plainly appear that he or she has willfully sworn to a falsehood regarding some material matter involved in the case. If and when it should appear to your satisfaction that a witness has thus falsely testified, then you would be justified in disregarding his or her testimony entirely, except such portions as may be corroborated by other reliable and credible evidence."

The foregoing would have elucidated the charge that was given; however, the failure to include same in the charge is not deemed reversible error in the present case.

Appellants cite *Valente v. H. P. Hood & Sons, Inc.* (1971), 108 R.I. 558, 277 A.2d 505. That case involved a particular witness (the plaintiff) who was shown to have suffered a loss of memory. The basis of reversal is stated in the opinion as follows:

"That the credibility to be given to the testimony of witnesses is exclusively within the province of the jury and that this function may not be infringed by the giving of instructions which disparage the testimony of a witness or which minimize its value is universally held. 1 Reid Branson, Instructions to Juries, § 37, at 121 (3d ed.) We are persuaded after carefully scrutinizing plaintiff's brief that he views this as a question of improper comment upon the weight of evidence by a trial justice. That, in our opinion, is not the precise question presented to us here. Rather, here we are confronted with the question whether the trial justice so instructed the jury as to infringe upon its exclusive authority to determine questions of credibility by conveying to it the impression that in his opinion the testimony of plaintiff was not reliable, because of his other testimony that immediately after the accident he had suffered a loss of memory which continued for several months.

. . . . .

"We are constrained to conclude, when we examine the challenged portion of the charge, that it would tend to convey to ordinarily intelligent jurors the impression that the trial justice was directing their attention to plaintiff's testimony and questioning its credibility or reliability because of his testimony concerning a lapse of memory. . . .

. . . . .

. . . it is clear from the record that the instruction concerning the capacity of the witness to recall accurately what happened had application only to the plaintiff. It is our opinion, then, that in this peculiar circumstance we cannot assume that such curative language would serve to erase from the minds of the jury the impression that the trial justice was questioning the credibility of the plaintiff on the basis of his testimony as to his subsequent loss of memory. Because we reach this conclusion, it is our opinion that justice requires that a new trial be ordered." 277 A.2d, pp. 506, 507.

Appellants also cite *Ripp v. Riesland* (1964), 176 Neb. 233, 125 N.W.2d 699, wherein the Trial Court instructed the jury: ". . . you should proceed upon the theory that all witnesses have tried to testify truthfully."

In the present case, the Trial Judge charged: ". . . upon the supposition that all of them have spoken the truth *if you can do so,* but if you cannot do this, etc."

Clearly, the emphasized words and those that follow leave the ultimate decision of credibility to the jury.

Appellants insist that the charge imposed upon the jury a set of standards supplied by the judge, thereby depriving the jury of the full exercise of its judgment as to credibility. The charge contains the words,

"and any other circumstance which may show a leaning toward one side or the other."

These words are sufficient to license the jury to apply any standard of credibility which may seem reasonable to them under the evidence.

The second assignment of error is respectfully overruled.

The third assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'The rules of evidence ordinarily do not permit the opinion of witnesses to be received as evidence. The exception to the rule is the case of expert witnesses. A person who by education, study and experience has become an expert in the arts, sciences or position may give his opinion to any such matter. You should consider any expert opinion, however, you are not bound by any such opinion. You give it the weight you think it's entitled to.' (B.E. 173)."

Appellants point out that the only expert testimony was a medical deposition and the testimony of a police officer who stated that neither party had been drinking, whereas there was testimony that the defendant Jackson had been drinking. Appellants complain that the charge on expert testimony required or influenced the jury to give special weight to the testimony of the police officer in preference to that of the other witnesses.

■ *Whitaker v. Pullen,* 22 Tenn. (3 Humph.) 466 (1842), cited by appellants, does hold that a judge is not required to charge on facts not in evidence (the Trial Court was affirmed); but it does not hold that it is reversible error to charge the law on facts not in evidence. The correct rule is stated in *Dixie Feed and Seed Co. v. Byrd,* 52 Tenn.App. 619, 376 S.W.2d 745 (1963) to the effect that a charge on law inapplicable to the facts in evidence is not reversible unless it appears that the charge affected the result.

The opinions of experts are generally admitted and considered only as to those matters which are not of common knowledge or as to which an ordinary person might form a reliable opinion. *Nashville & C. R. Co. v. Carroll,* 53 Tenn. (6 Heisk.) 347 (1871); *Ellis v. Ellis,* 63 Tenn.App. 361, 472 S.W.2d 741 (1971); *Nash. Ry. & Lt. Co. v. Harrison,* 5 Tenn.App. 22 (1927).

■ Intoxication is generally regarded as being within the ken, ergo ability to evaluate and competency to testify, of the ordinary individual. See authorities listed in 32 C.J.S. Evidence § 546(27), pp. 175–177.

■ Appellants would have been entitled to an instruction to this effect, which would have assured full consideration of the opinion of their non-expert witness. Such was not requested; and, in the absence of a special request, it was not error to fail to thus charge.

Under the circumstances, it does not appear that the jury was misled into giving unwarranted consideration to the testimony of the officer because of the charge.

The third assignment of error is respectfully overruled.

■ The fourth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'Where a person is confronted by a sudden emergency not of his own making that is not occasioned by his negligence such person is not chargeable with negligence if he acted according to his best judgment or because of want of time in which to form a judgment, omitted to act in a most judicious manner, but one may not excuse his bad judgment if his own negligence caused the emergency or contributed the bringing it about.' (B.E. 174)."

Appellants insist that it was error to so charge without also charging the doctrine of "last clear chance." There is no indication in the record that appellants made any request to the Trial Court to charge "last clear chance." Generally, the reviewing court will not reverse for meagerness, inadequacy, etc., or failure to give a charge unless a special request is submitted. *Bluff City Buick Co. v. Davis,* 204 Tenn. 593, 323 S.W.2d 1 (1959).

The fourth assignment of error is respectfully overruled.

■ The fifth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'In this case there are certain charges of violations of statutes. Ardis Parker in his complaint alleges that the Defendant Jackson in the operation of his motor vehicle violated T.C.A. Section 59–824, the first paragraph thereof which provides as follows. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. In considering the evidence in this case you must determine whether the Plaintiff Parker has proved that the Defendant Jackson failed to comply with the quoted statute. If you find that the Defendant Jackson violated the statute such violation constitutes negligence, you can not disregard violations of a statute and substitute some standard of care other than that set forth in the statute.' (B.E. 175–176)."

Appellants urge that the quoted instruction constituted an erroneous comment upon the evidence and that its effect was to confine the jury to consideration of statutory negligence to the exclusion of common law negligence. Such does not appear to be the case; however, if appellants deemed the charge to be deficient in respect to possible theories of recovery or defense, it was their privilege and duty to specially request appropriate additions to the charge. Not having done so, they may not complain of the omission on appeal. *Bluff City Buick Co. v. Davis,* supra.

The fifth assignment of error is respectfully overruled.

The sixth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'The same instructions apply to the averment in the pleadings by Oak Constructors. It's counter-claim to the effect that Ardis Parker as a counter-defendant violated T.C.A. 59–824 paragraph B thereof which provides as follows. I'm sorry. That should have been Section 817, the following Rule shall govern the overtaking and passing of a vehicle proceeding the same direction. Subject to those limitations, exceptions and special rules herein after stated except when overtaking and passing in the right is permitted the driver of an overtaken vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaken vehicle.' (B.E. 176)."

Appellants insist that the foregoing summary of the statute (§ 59–817, T.C.A.) is incomplete in that only subsection b was charged, omitting subsection a of said statute. It is also insisted that the charge was inapplicable to the facts. There was no request for a clarifying or enlarged charge of the statute.

On the basis of principles and authorities already cited, the sixth assignment of error is respectfully overruled.

■ The seventh assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

"In the case of Phillip McCandless against Bob C. Jackson and Oak Constructors he is not charged with negligence and the negligence, if any, of Ardis Parker is not chargeable to him as a guest passenger and therefore he can recover whether you find that the accident was a result solely of Ardis Parker—no, solely of Jackson or if it occurred through the concurrent negligence of the two automobile's drivers.' (B.E. 171–172)."

It is stated that this instruction "suggested . . . a preoccupation . . . of the Court with negligence . . . of plaintiff Parker," and that where a Trial Judge singles out a fact or emphasizes particular evidence, there is error.

In *Stevens v. Moore,* 24 Tenn.App. 61, 139 S.W.2d 710 (1940), cited by appellants, the Trial Judge instructed the jury that "your verdict must be for $50.00 or nothing."

This was held to be an invasion of the province of the jury because of other evidence worthy of consideration as to value.

In *Carman v. Huff,* 32 Tenn.App. 687, 227 S.W.2d 780 (1949), cited by appellants, this Court affirmed and approved the refusal to charge certain specially requested instructions because:

" . . . *it is not considered good practice* . . . to single out . . . or emphasize particular evidence in the charge . . . ."

The cited case is not authority for the insistence that it is reversible error to state a rule in the abstract which calls attention to particular evidence. To the same effect is *Gulf Compress Co. v. Ins. Co. of Penna.,* 129 Tenn. 586, 167 S.W. 859 (1914), cited by appellants.

The seventh assignment of error is respectfully overruled.

■ The eighth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'Now, with respect to each claim whether it's on original complaint or counter-claim if you find in favor of the Plaintiff Parker then you will go further and assess the amount of such parties' damages and in doing this you will take into consideration the nature and extent of the personal injury that they claim, the amount of mental and physical pain suffered on account of injury, the loss of time, decreased capacity for earning money, loss of earnings, expenses incurred on account of such and said injuries including doctor's bills, hospital's bill and such other medical expenses that have been proven and award a verdict for such matters that would compensate the claiming parties for the pain sustained.' (B.E. 177)."

There is, indeed, an ambiguity in the quoted portion of the charge, created by the inclusion of the name of the plaintiff, Parker, without including or referring to the other plaintiff and the cross-plaintiff. In a

literal and unnatural interpretation, it might be said that the jury was told that no party could recover unless the jury found in favor of the plaintiff, Parker. Such was not the intent of the Trial Judge; and, in view of the entire charge, it is not likely that 12 intelligent jurors were misled by the inadvertence. Moreover, if a clarifying statement were needed, it was the duty of counsel to supply same by special request.

The eighth assignment of error is respectfully overruled.

The ninth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'When you retire you should first elect a foreman to lead you in your deliberations and discussions and to report your verdict back to the Court and when you return I will ask for actually three verdicts in the order that I gave you the claims, in other words I will first ask you in the claim of Ardis Parker how do you find and if you find for the Defendant you will simply say we find for the Defendant. If you find for the Plaintiff Parker you will then state we find for Ardis Parker on his claim and assess his damages at such and such. Then I will ask you for your verdict in the claim of Phillip McCandless and then ask you your verdict on the claim of Oak Constructors. Any questions? You may retire and consider your verdict.' (B.E. 117–179)."

This Court cannot agree with appellants' insistence that the foregoing improperly suggests that the jury must find in favor of plaintiff Parker before finding in favor of plaintiff McCandless. The Trial Judge simply used the plaintiff, Parker, as an example and then stated that the same process would be used in respect to the other plaintiffs.

The ninth assignment of error is respectfully overruled.

■ The tenth assignment of error is as follows:

"The Trial Court erred in charging the jury as follows:

'An injury may be caused by the negligent act or omissions of more than one person. If conduct of two or more persons combined to cause an injury and if the causes of injuries are effectively inseparateable in the result each person is responsible individually and jointly for having contributed concurrently to the resulting accident. Causes to are considered to be concurrent if the forces set in motion by each cause are still operative at the moment of injury and if these causes combined individually to produce the result.' (B.E. 174–175)."

Appellants find fault with the expression "inseparateable in result." Apparently "inseparateable" is a typographical error or slip of the tongue, for no such word can be found in Webster's Third New International Dictionary. Evidently, the word, "inseparable" was either used or intended by the Trial Judge. This word is not found in the leading authorities on concurrent negligence, and its meaning must have been somewhat obscure to the jury. However, other portions of the quoted instruction clarify and elucidate the intended meaning, that a concurrent cause must have a direct causal connection with the resultant injury.

As was stated in *McDonald v. State,* 89 Tenn. 161, 14 S.W. 487 (1890), the Courts, in charging juries, should not depart from the long-settled, oft-repeated, and well understood language in which the Court of last resort has declared the law.

Nevertheless, it is not considered that the departure complained of was prejudicial or reversible error.

The tenth assignment of error is respectfully overruled.

■ The eleventh assignment of error is as follows:

"The Trial Court erred in accepting the following verdict of the jury:

THE COURT: Who is your foreman? Mr. Arnold, has the jury reached a verdict on the claim of Ardis Parker against Defendant Oak Constructors and Jackson?

THE FOREMAN: We have.

THE COURT: What is that verdict?

THE FOREMAN: We have found for Mr. Jackson and Oak Constructors.

THE COURT: You find for the Defendant?

THE FOREMAN: Yes, sir.

THE COURT: Have you reached a verdict in the case of Phillip McCandless versus Oak Constructors and Jackson?

THE FOREMAN: Yes, we have found for Jackson and Oak Constructors.

THE COURT: Have you reached a verdict in the case of Oak Constructors against the Defendant and Defendant parties?

THE FOREMAN: We have, Your Honor. We found for Oak Constructors.

THE COURT: In what amount?

THE FOREMAN: In the amount of damages claimed on the truck.

THE COURT: Were you all aware of how much that was?

THE FOREMAN: Seventeen Hundred eighty-eight dollars and some change.

THE COURT: That verdict will go down for seventeen hundred and eighty-eight dollars. (B.E. 179–180)."

Apparently appellants are offended because the Trial Judge accepted a verdict for "seventeen hundred eighty-eight dollars *and some change*" and entered judgment for $1,788.00, ignoring the "change."

Appellants cite *Neville v. Northcutt,* 47 Tenn. (7 Coldw.) 294 (1869); however, in that case, the jury reported, "we find . . . in favor of the plaintiffs *for the amount of the account.*" This verdict specified no particular amount, whereas the verdict in the present case specified $1,788.00, leaving uncertain the number of cents. There is no error in entering judgment for the specified amount and ignoring the unspecified number of cents.

Moreover, there was no prejudice to plaintiffs in the action of the Trial Judge. It was the cross-plaintiff who was deprived

of the verdict for "some change," and only the cross plaintiff could complain.

This is an appropriate situation for the application of the "De Minimis Rule." (De Minimis non curat lex, the law cares not for trifles). *Peoples v. Hagaman,* 31 Tenn.App. 398, 408, 215 S.W.2d 827 (1948).

The eleventh assignment is respectfully overruled.

The twelfth, and last, assignment of error is as follows:

"The Trial Court erred in overruling the first and second ground of plaintiffs' Motion for a New Trial, to-wit:

1. Because there is no evidence to support the verdict.

2. Because the verdict is contrary to the law applicable to the case.

This was error because there was no evidence to support the verdict of the jury on the claims of plaintiffs, Ardis Parker and Phillip McCandless, against defendants, Bobby Jackson and Oak Constructors, Inc., and on the claim of Oak Constructors, Inc., against Ardis Parker."

According to appellants' theory of the case and interpretation of the evidence, the operator of the truck of the defendant-cross-plaintiff had ample opportunity to see the movements of plaintiffs' vehicle and avoid it.

The theory of the defendant-cross-plaintiff was that the movement of plaintiffs' vehicle was confusing to him and that he did all that a reasonable person would have done to avoid the collision. Unfortunately, the brief of appellees does not cite parts of the record to support the verdict as required by the rules of this Court, however, the Court has made its own search of the record and finds evidence to support the theory of the defendant-cross-plaintiff and the verdict in its favor.

The driver, Mr. Jackson, testified that, as he approached the scene at about 55 miles per hour, he saw plaintiffs' vehicle about one-fourth mile away either stopped or moving very slowly on the paved shoulder on the extreme right side of the road; that there was no indication of any emergency or danger until he (the witness) was "real close"; that he (the witness) moved to the center of the highway to pass to the left of plaintiff; that, when he (the witness) was about 150 feet away, plaintiff turned across the road; that he (the witness) then tried to avoid plaintiff by passing to the right instead of the left as originally planned, but was unable to do so, and the collision occurred. The testimony of Mr. Jackson includes the following:

"A. I swung over on the center line giving him the right lane because as I got closer I noticed he was moving slowly.

Q. All right. Where was the car when you started swinging over into the—across the center line?

A. On the paved shoulder.

. . . . .

Q. How close were you on the car when you said it turned in front of you?

A. I was about a hundred and fifty feet when ever he swung out and I saw he was coming out in front of me.

Q. A hundred and fifty feet?

A. A hundred and fifty, hundred and seventy-five.

Q. Would you describe exactly just exactly what movement you say that car made?

A. Just easing along on that shoulder road and, of course, I swung out towards the middle when he was up here and he just started out like that and when I saw him starting out I whipped my truck back, whipped it back to the right and hit my brakes.

Q. Did you testify that this car got cross ways in the road?

A. He was coming across the road.

Q. Did you testify that it was cross ways in the road at some point there you could see the door?

A. I could see the door, yeah. I could see him in the window there.

. . . . .

Q. Did you have a side view of that car? Did you see the side of that car?

A. I had a side view of the car.

. . . . .

A. I applied my brakes.

Q. What else did you do?

A. I whipped it back to the right to try to go behind him.

Q. So, you had gone across the center line before—

A. Right.

Q. —you whipped it back before the hundred and seventy-five feet?

A. Right.

Q. Yes, sir. All right, sir. Now, did I understand you to testify that you cut your car to the right on Direct Examination, you said you cut your car to the right? Now, on the question as to whether you had tried to go around the car on the right you said that there was room to go behind him and go around him and you would have if he hadn't stopped, is that your testimony?

A. Yes, hit his brake or we would have went behind him, right."

It may easily and logically be said that a vehicle approaching another from the rear on a clear dry day with no other vehicles present ought to be able to avoid colliding with the vehicle being overtaken.

■■■ On the other hand, it must be recognized that a vehicle · may lawfully travel at a speed of 55 miles per hour upon the open highway; that the mere fact that one other vehicle is some distance ahead moving slowly or stopped on the right shoulder does not necessarily obligate the overtaking vehicle to reduce speed; that the reasonable reaction of a driver under the circumstances would be to move to the left to pass the slow-moving or stopped vehicle "giving him plenty of room"; that a sudden and unexpected movement of the leading vehicle across the path of the overtaking vehicle presents an emergency which must be dealt with by "snap judgment"; that it would be reasonable to try to "go behind" (to the right of) the turning vehicle, rather than to continue on a course which would inevitably produce a collision; that a sudden stopping of the turning vehicle as it crossed the road would tend to

frustrate the plan to "go behind him" by passing to his right.

■■■ If the movements of plaintiff were as described by Mr. Jackson (sudden left turn across the road from the extreme right side and sudden stop as he crossed the road) then such movements were such as to produce the collision in spite of the exercise of reasonable care by Mr. Jackson. This is the theory which was evidently accepted and adopted by the jury. Being supported by evidence, it is ground for affirmance.

The factual findings of the jury and the verdict are not necessarily those which would have been reached if the members of this Court had been sitting on the jury. However, this Court is not authorized to substitute its judgment for that of the jury where the verdict is supported by material and substantial evidence. *Lowe v. Preferred Leasing Service,* (Tenn.App.1975), 528 S.W.2d 38.

Under the facts as found by the jury, the collision was unavoidable so far as the defendant-cross-plaintiff was concerned. Under such a finding, neither appellant was entitled to recover.

The verdict and judgment of the Trial Court are affirmed. Costs of this appeal are taxed against appellants.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.

SHRIVER, Presiding Judge, partially dissenting.

I concur in the Opinion written by Judge Todd in overruling all assignments except the assignment that there is no substantial material evidence to support the verdict wherein plaintiff McCandless, the passenger in Parker's car, was denied a recovery in any amount.

He was not charged with any negligence, remote or proximate, and none was shown. On the other hand, it cannot be successfully contended that the defendant truck driver was pure, lily-white and completely free of

negligence which proximately contributed to the collision in which McCandless was injured.

The day was clear, the stopped car in which McCandless was a passenger was plainly visible opposite a driveway on the left, so that ordinary care dictated that Jackson, the truck driver, slow down and be on the alert for a movement of the car which might be reasonably anticipated. Instead he pulled first to his left and then to the right but was going too fast to avoid striking the rear of the Parker car.

I would sustain the assignment, reverse as to McCandless and remand for a new trial of his case.