WILDER v. WILLIAMSON et al.—126 S. W. (2d) 341.

Western Section.   Oct. 5, 1938.

Petition for Certiorari Denied by Supreme Court, Feb. 4, 1939.

Tom Collier, of Memphis, for complainant.
Ernest Williams, of Memphis, for defendants.

SENTER, J. The original bill in this cause was filed by complainant to enjoin the trustees under a certain trust deed executed to secure certain notes held and owned by the defendant W. M. Bell, from selling certain real estate in the City of Memphis, Tennessee.

The bill alleges in substance that complainant is now the owner by purchase of the real estate involved; that he was the owner and in possession of the real estate involved by virtue of a deed executed by the heirs at law of Mrs. Rosa T. Perren. It is further alleged that Mrs. Rosa T. Perren had obtained a loan of $12,500 on the property and had secured said loan by a trust deed executed to the named trustees in 1926; that subsequent thereto, in 1931, the series of notes secured by the trust deed of 1926 and payable to the Fidelity Mutual Life Insurance Company of Philadelphia, Pennsylvania, was renewed by the execution of another series of notes for the same amount and secured by a new trust deed executed by Mrs. Perren on the identical property; that Thomas J. Turley, the named trustee in the trust deed of 1926, sold the 1931 notes to the First National Bank, and shortly thereafter entered a marginal satisfaction of the trust deed of 1926 on the records in the Register's Office of Shelby County, Tennessee.

It is further alleged that upon the death of Thomas J. Turley it was found that he had been guilty of perpetrating numerous frauds, and that there resulted a controversy between the payee of the notes executed to the Fidelity Mutual Life Insurance Company and the First National Bank of Memphis, Tennessee, as to the right of priority, and in that controversy it was adjudged by a consent decree that the First National Bank of Memphis was entitled to priority and was the then owner of the notes aggregating the sum of $12,500 executed by the said Mrs. Rosa T. Perren in 1931, and secured by the trust deed bearing the same date as the notes.

The bill alleged that said decree had no binding effect upon complainant or the heirs at law of Mrs. Rosa T. Perren. It is further

694

alleged that the defendant in the present suit, W. M. Bell, claimed to have purchased said notes secured by said trust deed from the First National Bank, and for which he only paid the sum of $500; that the defendant Bell was not, at the time of his alleged purchase of said notes, an authorized dealer in securities; that he had not paid the state and county license as provided by statute for dealers in securities of this character; and that he was engaged in the business of purchasing and discounting notes and had not qualified to do so by paying the privilege tax as provided by the revenue laws of the State of Tennessee; that being an unauthorized dealer in said securities, he could not legally have the trust deed securing said notes foreclosed by the trustee. Other allegations are contained in the bill which it is unnecessary to refer to at this time.

The bill prayed for a writ of injunction enjoining and restraining the trustees from proceeding with the foreclosure sale as advertised. A temporary writ of injunction was issued.

The defendant W. M. Bell filed a separate answer in which he alleged that he was a bona fide purchaser of said notes; and that he was the owner and holder of the notes secured by the trust deed, aggregating the sum of $12,500 and accrued interest thereon. He denied that he was engaged in the business of discounting and dealing in notes, and that this constituted a single transaction for which he was not liable for the privilege tax as provided by the revenue laws of the State of Tennessee. Pub. Acts 1937, chap. 108, art. 2, sec. 1, Item 56(b). He admitted that he was the purchaser of said notes from the First National Bank and that he paid the sum of $500 for said notes; that at the time of his purchase there were several years delinquent taxes against said property and that the property having been in litigation for some ten years that the delinquent taxes thereon amounted to approximately $9,000, and that the property had depreciated by reason of neglect to repair and that he paid the full value for said notes; that he was the owner and holder of said notes and security therefor as a bona fide purchaser thereof and that complainant was not entitled to any of the relief sought in the bill.

The two substitute trustees in the trust deed filed answers to the original bill, and in which they denied that the First National Bank was not the owner and holder of said notes at the time the same were sold to the defendant Bell, and that they had advertised the property for sale in accordance with the terms and provisions of the trust deed securing said notes, and denied that complainant was entitled to the injunctive relief sought.

There was a motion by the defendants to dissolve the injunction. This motion was predicated upon the theory that the statutory notice had not been given to the defendants of the application for a temporary injunction. Upon the hearing of the motion to dissolve the

temporary injunction, the Chancellor denied the motion, but upon the condition that complainant would, within ten days from that date, increase the injunction bond to the sum of $1,000, and that the cause would be tried on oral evidence before the Chancellor. As stated by the Chancellor, the reason for the condition requiring that the cause be heard on oral proof, rather than by depositions, was to expedite the hearing of the cause.

The cause was heard before the Chancellor on oral testimony, without the intervention of a jury. At the hearing of the cause the Chancellor decreed a dismissal of the original bill and a dissolution of the injunction, and ordered a reference on the question of damages resulting from the wrongful issuance of the temporary injunction. From this decree of the Chancellor complainant prayed and was granted an appeal to this court.

There are several assignments of error directed to the action of the Chancellor in holding that the defendant Bell was the lawful owner and holder of the notes and entitled to have the trust deed foreclosed and the proceeds applied to his debt; that his purchase of the notes from the First National Bank, even though he had not paid the privilege tax as provided by the revenue laws of the State of Tennessee, would not deny the right of the trustees, acting under his direction, to advertise and sell the property under the trust deed; and in holding that the failure of the defendant Bell to pay the privilege tax as a dealer in notes and securities can not be availed of by complainant in this cause, for the reason that the defendant is seeking no relief herein; and that such contention could only be relied on in a suit brought by Bell to enforce the collection of said notes and mortgage. By other assignments of error it is contended that the Chancellor erred in decreeing that the former consent decree established the validity of the notes and trust deed in controversy, and also in decreeing that the said consent decree is res adjudicata as to the matters and things in the present suit. By another assignment of error it is claimed that the Chancellor erred in not holding that the 1931 series of notes and the mortgage securing the same were delivered by their maker without consideration to her and are null and void and a cloud upon complainant's title.

The cause was tried on oral testimony before the Chancellor, and there is no bill of exceptions preserving the evidence and former decrees, etc. It is contended by appellant that a bill of exceptions is not necessary since there is a finding of facts by the Chancellor contained in the record, and that the technical record is sufficient to have the assignments of error considered and reviewed by this court on this appeal.

It appears from the pleadings that after the death of T. J. Turley it was discovered that he had been guilty of perpetrating numerous

frauds, that in handling the transaction of the loan of $12,500 secured by a trust deed on the property here involved, he perpetrated a fraud, in that in 1931 he had Mrs. Perren to execute new notes and a new trust deed on the same property, the notes payable to the Turley-Bullington Mortgage Company of which T. J. Turley was president, and which notes represented the original loan notes, and that these notes are referred to as the 1931 series, secured by the new trust deed executed in 1931; that without the knowledge of the payee of the 1926 series of notes, T. J. Turley entered a marginal release on the 1926 trust deed and sold the 1931 series of notes, secured by the 1931 trust deed on the same property, to the First National Bank of Memphis. When this fraud was discovered after the death of T. J. Turley the Fidelity Mutual Life Insurance Company and the First National Bank of Memphis had litigation in the Chancery Court of Shelby County, and in which the heirs at law of Mrs. Rosa T. Perren were made defendants, and that suit resulted in a consent decree by which it was decreed that the 1931 series of notes owned and held by the First National Bank of Memphis took priority over the 1926 series of notes; that the series of notes of 1931 was executed by Mrs. Rosa T. Perren in the lieu and stead of the 1926 series of notes and trust deed, and that the execution of the 1931 series of notes and new trust deed satisfied the 1926 series of notes and the trust deed securing the same.

It is also shown by the pleadings that the defendant W. M. Bell became the purchaser of the 1931 series of notes aggregating $12,500, at the price of $500. It also appears from the allegations in the bill and the admission by Bell in his answer to the original bill that he had not paid the privilege tax as a dealer in notes and securities. He denied in his answer that he was a dealer in such securities and stated that this constituted but a single transaction for which he would not be required to pay the privilege tax as provided by the revenue laws of the state of Tennessee, and denied the allegations in the bill that he was engaged in the business of discounting or purchasing notes and other securities so as to bring him within the purview of the privilege tax as provided in the revenue law of the State of Tennessee.

It also appears from the pleadings that the defendant trustees had advertised the property for sale pursuant to the terms and conditions of the trust deed.

It also appears from the record that complainant complied with the conditions required by the decree of the chancellor on the motion to dissolve the temporary injunction, executing an injunction bond in the sum of $1,000.

The decree of the chancellor in dismissing the bill and in dissolving the injunctions contains a finding of facts as found by

the chancellor. In the absence of a bill of exceptions preserving the evidence, exhibits, etc., the appellate court will conclusively presume that there was sufficient evidence to justify the facts as found by the chancellor. Bundren v. State, 109 Tenn., 225, 70 S. W., 368; Wright v. Redd Bros., 106 Tenn., 719, 63 S. W., 1120; Daniel v. East Tennessee Coal Co., 105 Tenn., 470, 58 S. W., 859; and numerous other Tennessee cases, including Crowder v. Hayse, 9 Tenn. App., 55; Buchanan & Co. v. Bank, 7 Tenn. App., 373; Cosmopolitan Life Insurance Co. v. Woodward, 7 Tenn. App., 394.

The same rule applies where the cause is tried on oral testimony heard by the chancellor, even where there was a stipulation that the oral testimony heard by the court could be transcribed by the reporter and filed in the cause as the depositions of the respective witnesses. Smith v. Moss, 171 Tenn., 132, 101 S. W. (2d) 130.

In the case of Fonville, etc. v. Gregory, 162 Tenn., 294, 36 S. W. (2d), 900, it was specifically held that a bill of exceptions is necessary in chancery cases tried on oral testimony. There was no stipulation in the present case that the oral testimony when transcribed would be treated as the depositions of the respective witnesses.

It is not the contention of appellant that this oral testimony can be reviewed on this appeal, but the contention is that the questions presented on this appeal appear from the technical record, including the finding of facts as found by the chancellor, and a bill of exceptions is not necessary.

As above pointed out, in the absence of a bill of exceptions preserving the evidence, properly signed by the chancellor and ordered to be made a part of the record, that the facts as found by the chancellor will be conclusively presumed to be supported by the evidence heard by the chancellor at the trial of the cause. Among other facts found by the chancellor, the following may be mentioned.

First, that complainant purchased from the heirs of Mrs. Rosa T. Perren, deceased, the lot of land fronting 100 feet on South Fourth Street by 125 feet deep on Gayoso Street in the city of Memphis, by deed dated April 9, 1938, for the consideration of $75 cash and notes in the sum of $200; that there is a two-story brick building covering only the portion of the lot 100 feet by 110 feet deep. Second, that at the time complainant made said purchase he knew that the premises were encumbered by state, county and city taxes, amounting with interest, penalties, costs, etc., to about the sum of $9,000; that at the time of said purchase complainant also knew that there was an unsatisfied trust deed on that portion of the lot covered by the building, said trust deed bearing date of January 31, 1931, being of record in the Register's Office of Shelby County, Tennessee, executed by the late Rosa T. Perren to secure the payment of an indebtedness of the principal sum of $12,500, represented by

three notes of the same date as the trust deed, said notes bearing interest at the rate of six per cent per annum, payable semi-annually, being payable to the order of bearer at the home office of the Fidelity Mutual Life Insurance Company in Philadelphia, said notes having been delivered by the maker thereof to T. J. Turley or Turley-Bullington Mortgage Company, as agent for the Fidelity Mutual Life Insurance Company of Philadelphia, in lieu of and in payment for a series of notes for a similar aggregate amount, the last of which principal notes was due January 31, 1931, said notes held by the Fidelity Mutual Life Insurance Company having been secured to be paid by a trust deed executed by Rosa T. Perren upon the same property described in the trust deed of record in Book 1227, page 242, of the Register's Office of Shelby County, Tennessee, said trust deed held by the Fidelity Mutual Life Insurance Company being of record in Book 1028, page 341, of the Register's Office of Shelby County, Tennessee.

Third, that on March 17, 1931, Turley-Burlington Mortgage Company, by T. J. Turley, President, pledged the notes secured to be paid by the trust deed of record in Book 1227, at page 242, of the Register's Office of Shelby County, Tennessee, to the First National Bank of Memphis, which bank had no knowledge of any fraud perpetrated by T. J. Turley or Turley-Bullington Mortgage Company, as collateral security to the indebtedness of Turley-Bullington Mortgage Company to said bank; that said notes of said Rosa T. Perren of date January 31, 1931, had never been paid; that at the time of the hypothecation to the bank of the notes secured to be paid by the trust deed of record in Book 1227, page 242, of the Register's Office of Shelby County, Tennessee, the trust deed of record in Book 1028, page 341, of the Register's Office of Shelby County, Tennessee, was unsatisfied of record, but that on July 15, 1931, the Turley-Bullington Mortgage Company made a marginal release of said trust deed, claiming to be the owner and holder of the indebtedness secured thereby.

Fourth, that on March 27, 1933, the Fidelity Mutual Life Insurance Company filed suit, in cause No. 39607 R. D. of the Chancery Court of Shelby County, Tennessee, against the heirs of Rosa T. Perren, deceased, seeking to set aside said marginal release as fraudulent, and to have the trust deed of record in Book 1028, page 341, of the Register's Office of Shelby County, Tennessee, declared to be a valid and first lien upon the property described therein; that no defense was made by the heirs of Rosa T. Perren against who a pro confesso was allowed to be taken; that in said cause No. 39607 R. D. the First National Bank of Memphis and L. Y. Williamson and Troy Beatty, Jr., who had been substituted as trustee by proper instrument, duly recorded, intervened and set up the validity of the marginal release above mentioned and the priority of the trust deed of record in

Book 1227, page 242, of the Register's Office of Shelby County, Tennessee; that by consent decree in said cause, entered December 28, 1937, the original bill in said cause No. 39607 R. D. was dismissed at the cost of complainant, and the indebtedness secured by the trust deed of record in Book 1028, page 341, of the Register's Office of Shelby County, Tennessee, was declared to have been paid and satisfied, and the trust deed of record in Book 1227, page 242, of the Register's Office of Shelby County, Tennessee, was declared to be a good, valid and outstanding first mortgage on said property.

Fifth, that in January, 1936, the defendant W. M. Bell voluntarily sought to buy and did buy from the First National Bank of Memphis, for the consideration of the sum of $500 cash, the notes secured to be paid by the trust deed of record in Book 1227, page 242, of the Register's Office of Shelby County, Tennessee, which had been acquired by said bank in due course of trade and which were still held by it as collateral to secure the payment of the indebtedness due to it by the Turley-Bullington Mortgage Company.

The Chancellor further held as follows: "And it further appearing to the court that the contention made by the complainant that said notes in the hands of the said W. M. Bell are not collectible and should be declared null and void in this cause for the reason that said W. M. Bell was liable for the payment of a privilege tax as a dealer and trader in notes, securities, accounts and mortgages as required by Chapter 108, Art. 2, Sec. 2 [sec. 1], Item 56, Subsection B. of the Acts of the Tennessee Legislature can not be availed of by complainant in this cause for the reason that the defendant, W. M. Bell, is seeking no relief in this court, and that such contention can be relied on only in a suit brought by Bell to enforce the collection of said notes and mortgage."

As to the above matters, we are of the opinion that in the absence of a bill of exceptions, the presumption is conclusive that the facts as above pointed out and found by the chancellor were supported by the evidence.

We are further of the opinion that there was no error in the holding of the Chancellor to the effect that complainant could not invoke the section of the Tennessee revenue law above referred to, for the reason that the defendant W. M. Bell is seeking no relief in this court and is not suing on the notes held by him, and that the provision of the revenue law requiring the payment of the privilege tax can only be relied on where suit is brought to enforce the collection of the notes and mortgage. We are further of the opinion that where it is shown or admitted that a person has engaged in a single transaction without paying the privilege tax as required by the revenue law, that the burden of proof is then upon such person to show that it constituted but a single transaction, and that he was

not engaged in the business of buying or discounting notes and se-. curities. This statute has been construed by the Supreme Court of this state in several cases. In Gilley v. Harrell, 118 Tenn., 115, 101 S. W., 424, 427, it is said:

"It follows that the Legislature cannot tax a single act per se as a privilege, inasmuch as such act, in the nature of things, cannot in and of itself, constitute a business avocation or pursuit; hence it is a matter of importance whether they make a business of it or not; since, if they do not, there is no privilege to be subjected to taxation. This portion of the statute must, therefore, be held nugatory.

"Yet the proof of a single act, which is characteristic of any of the privileges created by the Legislature is by no means unimportant, because evidence of such act necessarily casts the burden of proof upon the defendant to show that he is not in fact exercising the privilege; that is, engaged in a business or occupation of the kind indicated by the act. The doing of such act makes a prima facie case against him." Trentham v. Moore, 111 Tenn., 346, 76 S. W., 904.

In the absence of a bill of exceptions preserving the evidence, we must presume that there was no evidence showing that the defendant Bell ever engaged in any other transaction of this character except the one here involved. It is the duty of the appealing party to have a bill of exceptions properly filed with the record, and it is not the duty of the successful litigant below to have a bill of exceptions preserving the evidence. However, we fully concur in the conclusion reached by the Chancellor, inasmuch as the defendant Bell was not seeking to recover any judgment on said notes, the statute would not apply, and could not be invoked against him by complainant in the present cause.

We are further of the opinion that there was no error in the action of the chancellor in holding that the whole question as to the validity of the notes here involved had been fully determined in the former suit, and to which suit the heirs at law of Mrs. Rosa T. Perren, who executed the quit claim deed to complainant, were parties, was res adjudicata on the question of the ownership of these notes, and in decreeing in favor of the First National Bank. Certainly, the complainant in the present cause could stand on no higher ground than the heirs at law of Mrs. Perren who were made parties to said former litigation and against whom orders pro confesso were taken. That decree settled the question of the ownership of the notes by the First National Bank of Memphis and also that the series of notes executed in 1926 by Mrs. Perren had been fully satisfied by the execution of the series of notes of 1931, secured by a trust deed on the same property. That decree relieved Mrs. Perren and her heirs at law of liability on the first series of notes and was to that extent favorable to Mrs. Perren and her heirs at law, since it left only the last

series of notes and the trust deed securing the same as outstanding obligations of Mrs. Perren. This disposes of the assignment of error presenting the question that the present series of notes was executed by Mrs. Rosa T. Perren and delivered by her, without consideration.

After a careful consideration of all the assignments of error, we are of the opinion that they are without merit, and that the decree of the chancellor will be affirmed and the cause remanded to the Chancery Court of Shelby County for further proceedings with respect to the matter of damages resulting from the wrongful issuance of the temporary injunction.

Appellant and sureties on the prosecution bond will pay the costs of the cause, including the cost of this appeal.

Anderson and Ketchum, JJ., concur.