**Charles LALLEMAND and W.T. Lallemand, Plaintiffs-Appellants,**

**v.**

**J. Lewis SMITH, Deceased, Joseph C. Smith and Hazel Smith, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 9, 1983.

Application for Permission to Appeal Denied by Supreme Court March 19, 1984.

Henry F. Todd, Jr., Dickson, for plaintiffs-appellants.

A. Andrew Jackson, Dickson, for defendants-appellees.

## OPINION

LEWIS, Judge.

On March 5, 1975, plaintiffs filed their complaint basically alleging that defendants-appellees claim "certain property along the common boundary" of the parties and that defendants were trespassing on plaintiffs' land. Defendants answered denying all material allegations and prayed that the court determine "the proper common boundary" between the parties.

After a bench trial, the following decree was entered:

   This cause came on to be heard on the thirtieth day of June, 1976, before Chancellor Alex Darnell at Charlotte, Dickson County, Tennessee. After listening to testimony of witnesses and arguments of

counsel, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.) The Court ratifies the agreement of the parties as to their common boundary north of Nancy Shawl Road. Said boundary is described as follows: Beginning at a point marking the former location of a car axle used as a northern end point of Mack Bennett's survey of the boundary between J. Lewis Smith and Louise Smith Lallemand; thence running in a straight line to the northern extremity of an old wire fence; thence in a straight line along said old wire fence to a point fifty feet to the east of Mack Bennett's survey above-mentioned; which point is also on the northern margin of Nancy Shawl Road.

2.) The question of adverse possession to the south of Nancy Shawl Road shall abide further orders of this Court.

On December 1, 1976, the Chancellor filed the following:

## OPINION

It is the Courts opinion that the fence line on the Southern portion of the property has not been established for such a definite period of time as to create possession in the Complainant. The South line shall be as shown on the plat of T.C. White, Registered Surveyor.

This the *1st* day of *December,* 1976.

Five years later notice was given by Robert E. Burch, plaintiffs' trial attorney, that he would appear "in the Chancery Court . . . on December 29, 1981, for the purpose of presenting a final decree in this civil action." On December 29, a "FINAL DECREE" was entered decreeing the boundary between the parties south of the Nancy Shawl Road as follows:

BEGINNING at a concrete marker in the north boundary of Donnie Weiss, Smith's southwest corner; running thence North 5 degrees 56 minutes East 544.88 feet to a concrete monument in the south margin of the Nancy Shawl Road; thence along said road in an easterly direction to the point in the north boundary of said road, which point was previously decreed by this court as the boundary between the lands of the parties.

On January 20, 1982, a "Petition to Rehear" was filed on behalf of plaintiffs by their then attorney, R.A. Galbreath. Mr. Galbreath's motion to withdraw as counsel for plaintiffs was granted on March 3, 1982. Plaintiffs' present counsel was then employed to argue the petition to rehear and pursue plaintiffs' appeal.

Plaintiffs have presented four issues for our determination. The first is: "Did the Trial Court err in failing to grant a new trial on the ground that the appellants' right of appeal was prejudiced by failure of the Trial Court to enter a final decree for over five years?"

Plaintiffs contend they are unable to compile a narrative statement of the evidence because of the time lapse of five years between trial and the entry of the final decree. So far as the record reflects, neither party had a court reporter present at trial. In their argument on the petition to rehear, plaintiffs offered no proof but concluded simply because of the "passage of time," their right of appeal was abridged "because it's no longer possible to perfect an appeal with a transcript."

If a party to a cause in the civil courts of Tennessee desires to have a verbatim transcript of the proceedings, the burden is on that party to provide a court reporter or in some manner record the proceedings. Tenn.R.App.P. 24(c) provides that if a verbatim transcript is not available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including his recollection." The burden is on the appellant in the first instance to prepare what he conceives to be a proper transcript of the evidence and file it with the court, with notice to the appellee of the filing. The appellee then may object to the transcript filed and any differences shall be settled by the court. Tenn.R. App.P. 24(c) and (e). *See also, Wilder v. Williamson,* 22 Tenn.App. 692, 126 S.W.2d 341 (1938).

Appellants bear a heavy burden in seeking a new trial on the ground of absence of a transcript of the evidence: the burden is upon them to show their inability to prepare a transcript, the reason for the inability, and that the inability was brought about by matters outside their control. This Court will not presume that a transcript cannot be prepared simply because of the passage of time.

In this case, the Chancellor, in his Memorandum overruling the petition to rehear, stated that at the court's insistence a decree was drawn by Mr. Burch, who was then plaintiffs' attorney, and submitted to Mr. Bycott, who was then defendants' attorney, for defendants' approval. Mr. Bycott did not return the decree or submit an alternative decree. The court then instructed the Clerk and Master to inform Mr. Bycott that unless another decree was submitted, the one drawn by Mr. Burch would be entered. The Clerk and Master did so on February 5, 1979. The decree was not entered, and neither of the parties brought the matter to the Chancellor's attention until Mr. Burch filed notice that he would appear before the Chancellor for the purposes of entering a final decree on December 29, 1981.

Even though the Chancellor concluded after the hearing on the petition to rehear that the "complaining parties cannot be afforded their appellate remedy," the record is completely devoid of any showing of an inability of plaintiffs to prepare a transcript of the evidence. Mr. Burch, who represented plaintiffs at trial, is presently a Circuit Judge in the Twenty First Judicial Circuit. There is no evidence that this matter was discussed with Mr. Burch and that he could not prepare a narrative transcript from his recollection.

There is nothing from which this Court could find that plaintiffs are unable to prepare a narrative transcript except the passage of time. This is not sufficient.

This issue is without merit.

Plaintiffs' second issue is: "Did the trial court err by referring to the survey of the [plaintiffs'] surveyor, T.C. White, but decreeing the description of the disputed line as claimed by the [defendants]?"

Mr. White was plaintiffs' surveyor. There are two lines contained on the White survey. Plaintiffs contend that one of these lines is as Mr. White surveyed the line and the other is as surveyed by Mr. Bennett, defendants' surveyor. Plaintiffs suggest a theory as to why the line selected by the Chancellor as the boundary between the parties was chosen, but it is only surmise. We cannot say, in the absence of a transcript, that the Chancellor erred. *J.C. Bradford & Co. v. Martin Construction Co.*, 576 S.W.2d 586, 586–587 (Tenn. 1979).

Plaintiffs also contend that the Chancellor's Memorandum of December 1, 1976 is "confusing, vague and ambiguous." Plaintiffs therefore conclude that the Chancellor was confused regarding the evidence and that his decree as based on his Memorandum would be defective.

There is nothing in the record to show that the decree was erroneous. Even if plaintiffs are correct and the Chancellor was confused regarding the evidence, if he entered a correct decree it will be affirmed.

Plaintiffs' third issue is: "Did the trial court err by considering a survey done by Mack Bennett, surveyor, when there were two plats done by said surveyor with considerable differences, but dated the same day and did not describe the boundary in question according to the calls of the original deed of the appellees?"

Plaintiffs say this issue deals "with the unusual situation presented by the two plats of the survey done by Mr. Bennett" and "with the fact that the final decree does not conform to the law and evidence as best we know it." Plaintiffs admit there is no way for them to show "this Court that the trial court had no evidence to support its decision." They do argue, however, that since there are two Bennett surveys, each inconsistent with the other, there "is something inherently wrong with any trial court basing any decision upon a

surveyor's evidence who has two different plats dated the same day."

We do not know what the testimony before the Chancellor was regarding these surveys. As we have earlier said, in the absence of a transcript of the evidence, it is well settled that the "findings of fact made by the trial court are supported by the evidence heard in that court and must be accepted as true by the appellate court." *J.C. Bradford & Co. v. Martin Construction Co.*, 576 S.W.2d 586, 587 (Tenn.1979). This issue is without merit.

Plaintiffs' last issue is: "Did the trial court err by not permitting Walter T. Lallemand, appellant, to remain in the courtroom during the trial?"

Plaintiffs argue that it is a basic right of every litigant to be present during testimony and that since Mr. Lallemand was excluded, this basic right was violated and that plaintiffs are entitled to a new trial.

Plaintiff Walter T. Lallemand's affidavit in support of the petition to rehear states: "I was not permitted to be present in the courtroom for reasons unknown to me but was instructed to wait in the witness room though I was a named plaintiff to this action." There is nothing in the record before us to show why or who instructed Mr. Lallemand to wait in the witness room. In order to give credence to this issue, we must assume that he was excluded from the courtroom by the Trial Court. Under the circumstances of this case, we cannot make such an assumption. This issue is without merit.

The judgment of the Chancellor is affirmed with costs to plaintiffs and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.