**Herman JUSTICE and wife, Donna Justice (Mr. Justice died between the judgment and the appeal and Mrs. Justice is the sole appellant.)**

**v.**

**The SOVRAN BANK, et al. (Only the Bank is involved in this appeal), Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 27, 1995.

Permission to Appeal Denied by Supreme Court March 25, 1996.

Gerald Largen, Kingston, for Appellant.

David L. Flitcroft, Oak Ridge, for Appellee.

## OPINION

FRANKS, Judge.

Plaintiffs filed this action for a declaratory judgment on June 21, 1988. The case was tried and evidence was presented on June 26, 1990, when the Court took the case under submission and called for briefs. The requested briefs were all submitted by July 17, 1990. The Court signed a final judgment on August 22, 1994, which gave judgment against Herman Justice and wife Donna Justice in the amount of $10,483.72, together with interest, plus attorney's fees in the amount of $927.00 in favor of counter-plaintiff, Sovran Bank/Eastern.

Donna Justice, on appeal, asserts in her brief:

1. **20–9–506. Time for decision in nonjury cases.**—When any judge of any district tries a case without the intervention of a jury, whether the judge is required to reduce the judge's finding of facts to writing or not, the judge shall be required to render the judge's decision and have judgment entered in the case within sixty (60) days from the completion of the trial.

2. Judge Joe G. Riley, writing in Volume 23 of *Memphis State University Law Review*, p. 512, observes:
**JUSTICE WITHOUT DELAY**

It is the position of the appellant Donna Justice, widow of Herman Justice, that the delay of over four years from the trial of this case to the rendition of a ruling is excessive, and essentially denies . . . her constitutional right to due process.

It is then argued in her brief that since her husband, a party, is deceased that neither she nor her lawyer can adequately prepare a narrative transcript of the evidence, as no court reporter was present during the trial of the case. She also relies on T.C.A. § 20–9–506, but concedes the statute has been held to be directory.[1]

██ It is clear that a party is entitled to relief from a judgment if the party is deprived of effective appellate review without fault on his part. *Trice v. Moyers,* 561 S.W.2d 153 (Tenn.1978). But as Judge Lewis observed in *Lallemand v. Smith,* 667 S.W.2d 85 (Tenn.App.1983):

Appellants bear a heavy burden in seeking a new trial on the ground of absence of a transcript of the evidence: the burden is upon them to show their inability to prepare a transcript, the reason for the inability, and that the inability was brought about by matters outside their control.

Page 87.

The record before us is devoid of any attempt to prepare a narrative transcript in accordance with T.R.A.P. Rule 24. *Lallemand* holds that the Court will not presume that a transcript cannot be prepared simply because of the passage of time. *Id.* at 87. The conclusions of the appellant in her brief are not sufficient to demonstrate that a narrative transcript could not be made.

██ The issue of delay in entering final judgment in this case must be addressed, and is a recurring problem.[2] A trial court

Some judges are busier than others, and some rule more promptly than others. Is the length of time it takes to decide a case completely within the judge's unbridled discretion? As Presiding Judge of the Court of the Judiciary, I have received numerous complaints from litigants alleging unreasonable delay in the disposition of cases. A judge has an ethical duty to "dispose" promptly of the business of the court" and to be punctual in attending court. Furthermore, a little-known statutory provision requires trial judges to render decisions within sixty days from

has broad discretion in the conduct of trials and the management of its docket. *See Kelley v. Brading,* 337 S.W.2d 471, 47 Tenn.App. 223 (1960). However, the elapse of four years between the evidentiary hearing and resolution of the issues in a case would be an abuse of discretion, unless there are extenuating circumstances. An inordinate delay in resolving issues in dispute results in prejudice to the judicial process. *See* T.R.A.P. Rule 36(b). The record before us does not establish any basis for the long delay in the final resolution of the case, but all public officials are afforded the presumption that they have discharged their public responsibilities in a proper manner. Delays can be and are caused by misplaced court records, cases being inadvertently removed from the docket and other extenuating circumstances.

■ The attorneys for the parties are required to take all reasonable steps to obtain a timely resolution of the issues in their cases. T.R.A.P. Rule 36 provides in pertinent part:

> Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who *failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.* (Emphasis supplied).

■ Attorneys are understandably reluctant to ask a busy trial judge to decide the issues in their case. However, after a reasonable elapse of time, attorneys should file a joint motion with the trial court asking for a judicial determination of their case. Zealous representation requires attorneys to take all reasonable steps to bring about a timely resolution of the clients' disputes. *See* Rule 8, Code of Professional Responsibility, canon 7. In this case, neither counsel sought relief and must bear some responsibility for the long delay.

■ The remaining issue is that the court erred in awarding attorney's fees based solely on an affidavit of the bank's attorney, setting forth the hours expended and the

prevailing rate of charge in that area for professional services. Apparently appellant did not seek a hearing on the issue, nor questioned the correctness of the affidavit before the trial judge. A party is entitled to a hearing on the issue of attorney's fees, but none was requested here, nor was the affidavit of the attorney factually disputed. This issue is likewise resolved against appellant.

The judgment of the Trial Court is affirmed, and the cause remanded at appellant's cost.

GODDARD, P.J. (E.S.), dissents.

SUSANO, J., concurs.

GODDARD, Presiding Judge (Eastern Section), dissenting.

I respectfully dissent from the majority opinion. I would hold that an unexplained delay of four years in rendering a decision results in a prejudice to the judicial system pursuant to Rule 36(b) of the Tennessee Rules of Appellate Procedure and that it is not necessary to show "error involving a substantial right more probably than not affected the judgment." Indeed, counsel for the Appellee, when questioned in oral argument, conceded that a delay of 20 years would justify this Court granting relief to the Appellants. On this question counsel and I are 16 years apart.

Finally, I point out that while it would be commendable for counsel to file a joint motion—as suggested by the majority opinion—after a reasonable lapse of time, I recognize that in many cases the defendants do not care if their case is ever decided and could not realistically be expected to join in such a motion with their adversary.

For the foregoing reasons I would vacate the judgment and remand the case for a new trial.

---

the completion of the trial. From an ethical perspective, however, there can be no definitive deadline. *The complexities of each case and each judge's caseload are factors to be considered in determining how promptly a ruling* should be made. Nevertheless, judges should be sensitive to the need to rule promptly.
*Ethical Obligations of Judges,* 23 Memphis State Law Review, No. 3, p. 507.