IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2011 Session

## KIMBERLY E. LOVE v. STEVEN D. BEARD

**Appeal from the Circuit Court for Rutherford County**
**No. 59683      Robert E. Corlew, Judge**

**No. M2010-01737-COA-R3-CV - Filed June 21, 2011**

The plaintiff filed this action against her brother alleging that he misused her power of attorney and that he stole some of her property. Following a bench trial, the trial court held that the plaintiff failed to prove her claims, with the exception of her claim for theft of her automobile, and ordered the defendant to pay restitution for the vehicle. Plaintiff appealed; however, she failed to file a transcript of the proceedings or a statement of the evidence for which we must accept the findings of the trial court as correct. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and RICHARD H. DINKINS, J., joined.

Kimberly E. Love, Murfreesboro, Tennessee, Pro Se.

S. Jason Whatley, Columbia, Tennessee, for the appellee, Steven D. Beard.

### MEMORANDUM OPINION[1]

Kimberly E. Love ("Plaintiff") and Steven D. Beard ("Defendant") are siblings. In 2006, Plaintiff was entangled in a Chapter 13 Bankruptcy action, she was failing to comply with the Chapter 13 plan, and her home was on the verge of being foreclosed. She was also

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

preparing to begin a jail sentence from April 2006 until January 30, 2007.[2] Realizing she would be unable to attend to her affairs from jail, Plaintiff executed two powers of attorney in July of 2006 appointing Defendant as her attorney-in-fact so that he could manage her affairs while she was incarcerated, specifically to handle the bankruptcy, pay any other bills, and repair her car.

On July 25, 2006, Plaintiff also entered into a contract to sell her home to Defendant for $52,000, the approximate amount remaining on the mortgage. Defendant paid the mortgage in October 2006, and then spent the next several months removing trash, cleaning and repairing the house, which was uninhabitable. He also removed Plaintiff's personal property and stored her property in a shed. Defendant spent $68,885.00 on the renovations.

Following her release from jail, Plaintiff's relationship with Defendant soured. On September 10, 2009, she filed this action, pro se, alleging misuse of the power of attorney, theft of real estate, and theft of several items of personal property, including her automobile. She sought $300,000 in damages. In his answer, Defendant denied Plaintiff's allegations and filed a counterclaim against Plaintiff for unjust enrichment, arguing that if title to the real property was returned to Plaintiff, an equitable trust should be imposed in the amount he spent repairing and improving the property.

Following a bench trial on April 13, 2010, the trial court issued a memorandum opinion in which the court made numerous and detailed findings of fact concerning each of Plaintiff's claims. First, for her theft of real estate claim, the court found that the presence of a signed real estate sales contract and a notarized warranty deed in favor of Defendant indicated Plaintiff's effective consent to Defendant's ownership and control of the residence. For her claims concerning theft of personal property, the court found that Defendant discarded only those items of Plaintiff's personal property which had to be removed from her residence in order to make it habitable, and that Defendant was properly storing any items of value, as Plaintiff had requested; furthermore, Plaintiff failed to present any evidence Defendant sold or failed to maintain proper care over Plaintiff's dog. Last, the court found that Plaintiff failed to furnish any documentation or evidence Defendant misused his attorney-in-fact powers.

The trial court concluded that Plaintiff simply did not present competent evidence to meet and overcome her burden as to the majority of her claims, with the exception of her

---

[2]Plaintiff, who is the appellant, did not file a transcript of the proceedings or a statement of the evidence; accordingly we do not know the facts that were presented at trial. We do have the benefit of the complaint, answer, the trial court's thorough memorandum opinion, which contains extensive findings of fact, and the parties' briefs. The facts stated in this opinion are derived from these documents.

claim for theft of an automobile, which was established by Defendant's own admissions. Defendant was ordered to pay Plaintiff $350, including $250 for the value of the automobile, which was "incapable of repair at a reasonable price," and $100 relating to a prior order.[3] The court also ordered Defendant to provide Plaintiff with access to the shed where he was storing the remainder of Plaintiff's belongings, which Defendant did not oppose. Because title to the residence remained in the Defendant's name, his counterclaim was dismissed.

Plaintiff appealed, arguing *inter alia* that the trial court erred in holding that she failed to meet her burden of proof with respect to her claims for misuse of the power of attorney, theft of real property, and theft of personal property other than the automobile.[4]

Plaintiff, who is the appellant, did not file a transcript of the proceedings or a statement of the evidence pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure. Therefore, we are unable to review the evidence presented at trial to determine whether the trial court's findings of fact are supported by the record, or whether, as Plaintiff contends, the evidence preponderates against the trial court's findings. We are mindful of the fact that Plaintiff is a pro se litigant, entitled to fair and equal treatment. *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Moreover, we find, as did the trial court, that there are "sympathetic factors which favor the plaintiff." Nevertheless, in the absence of a transcript of the proceedings or a statement of the evidence presented, "it is well settled that 'the findings of fact made by the trial court . . . must be accepted as true by the appellate court.'" *Lallemand v. Smith*, 667 S.W.2d 85, 88 (Tenn. Ct. App. 1983) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979)).

For the reasons stated above, we affirm the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded with costs of appeal assessed against Kimberly E. Love.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]This award was for Plaintiff's "time and trouble in appearing for court" ready to proceed on the original trial date, March 8, 2010, when Defendant appeared only to request a continuance.

[4]Defendant did not appeal any of the trial court's rulings.