IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

November 14, 2012 Assigned on Brief

CAROLYN WHITESELL
v.
KAYLENE MILLER AND PATRICIA MOORE

Appeal from the Circuit Court of Coffee County
No. 36798    Vanessa A. Jackson, Judge

No. M2011-02745-COA-R3-CV - Filed December 21, 2012

The appeal concerns a dispute over personal property.  The appellant landlord refused to permit the appellee tenant to renew her lease, and the tenant was forced to leave the premises. Several items of personal property belonging to the tenant were apparently left behind.  The tenant sued the landlord for reimbursement for the value of the property.  After a bench trial, the trial court ordered the landlord to reimburse the tenant.  The landlord now appeals.  As the appellate record contains neither a transcript of the proceedings nor a statement of evidence, we affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Robert T. Carter, Tullahoma, Tennessee, for Defendant/Appellant, Patricia Moore

Carolyn Whitesell, Plaintiff/Appellee.[1]

---

[1]Plaintiff/Appellee Whitesell is self-represented in this appeal and did not file a brief.  Whitesell sent the Court a letter requesting oral argument; in the absence of a brief, her request was denied.  *See* Tenn. R. App. P. 35(a).

# OPINION

## FACTS AND PROCEEDINGS BELOW

Defendant/Appellant Patricia Moore owned the premises in Tullahoma, Tennessee, that is the subject of this appeal. For twenty years, Moore has rented the property to various individuals, all of whom have operated the location as a bar.

In November 2006, Plaintiff/Appellee Carolyn Whitesell purchased the business that was operating on Moore's property, known as the "Good Times Lounge," from Kaylene Miller for $22,000. The transaction included several items of bar equipment and inventory; these were transferred to Whitesell as part of the sale of the business. After purchasing the Good Times Lounge, Whitesell began paying rent to Moore on a month-to-month basis for use of the property. After Whitesell missed several monthly rental payments, Moore informed Whitesell that her lease would not be renewed and took steps to have Whitesell removed from the premises.

In January 2008, Moore filed a civil warrant against Whitesell in General Sessions Court. After a hearing, Moore was awarded possession of the property, and Whitesell was given ten days to vacate the premises and remove all of her personal property from the building. Apparently some items of property were left behind. The General Sessions Court set a hearing in February 2008 on the issue of damages. From the record, it is unclear what took place at this hearing.[2]

In September 2008, Whitesell filed a civil warrant in General Sessions Court against Miller and Moore, seeking reimbursement for improvements she allegedly made to Moore's leasehold property. Whitesell presented a list of items she allegedly purchased from Miller as part of her purchase of the Good Times Lounge. In October 2008, the General Sessions Court awarded Whitesell damages against Miller in the amount of $15,025 and against Moore in the amount of $3,100. Both Miller and Moore appealed the General Sessions judgment to the Coffee County Circuit Court, for a *de novo* trial.

In Circuit Court, Moore filed a motion to amend her answer and assert a counterclaim against Whitesell. The counterclaim alleged that Whitesell destroyed fixtures to the property and damaged a wall. Moore claimed that this adversely affected her ability to rent the property

---

[2]Moore claims that Whitesell failed to appear at the hearing. An affidavit in the record by Whitesell asserts that Whitesell appeared at the hearing and Moore's claim was dismissed.

and resulted in damages in the form of repairs and lost rent. The Circuit Court granted Moore's motion to amend and to assert her counterclaim.

The Circuit Court conducted a trial on September 30, 2011 and October 5, 2011. The appellate record does not contain either a transcript of the proceedings or a statement of the evidence.

On November 15, 2011, the trial court issued its findings of fact and conclusions of law. The trial court found that Whitesell failed to carry her burden of proof regarding whether the deck and attached fencing were personal property or had become fixtures, and so declined to award Whitesell damages in the amount of their value. The trial court found that the remaining items of property were Miller's personal property and were transferred to Whitesell. It found further that these items did not become permanent fixtures attached to Moore's property and they were retained by Moore after Whitesell was removed from the premises, and so awarded Whitesell a judgment against Moore in the amount of $3,625.

Whitesell then filed a notice of appeal. Moore also filed a notice of appeal. Miller did not appeal.

On appeal, Whitesell failed to file an appellate brief, and eventually informed the appellate court clerk that she did not wish to pursue her appeal. Accordingly, on May 24, 2011, Whitesell's appeal was dismissed.

Because Moore had also filed a notice of appeal, Moore was reassigned as the appellant. On appeal, Moore sought and was granted an opportunity to secure a statement of the evidence approved by the trial court. Ultimately, no statement of the evidence was filed with this Court. Moore filed an appellate brief, but Whitesell did not. Moore waived oral argument on appeal, and the matter was submitted for decision on the record and on Moore's appellate brief.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

In her appellate brief, Moore presents two issues for review:

> Whether the trial court erred in holding that the appellant was liable to the appellee for the voluntary and gratuitous improvements made by the appellee to the leasehold property owned by the appellant.

> Whether the trial court's award of monetary damages in favor of the appellee and against the appellant was contrary to the weight of evidence.

Because this matter was decided by the trial court without a jury, the trial court's findings of facts are reviewed *de novo* on the record, with a presumption that those findings are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial court's conclusions of law are reviewed *de novo*, with no presumption of correctness. *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.*, 194 S.W.3d 415, 424-25 (Tenn. Ct. 2005). Additionally, where the trial court has seen and heard the witnesses, its judgment regarding their credibility and the weight to be given their testimony is accorded considerable deference on appeal. *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Fell v. Rambo*, 36 S.W.3d 837, 846 (Tenn. Ct. App. 2000).

## ANALYSIS

At the outset, we address the state of the record presented to us on appeal. In a filing made with this Court during the pendency of the appeal, Moore asserted that a statement of the evidence was filed with the trial court. Despite this assertion, the record does not contain a statement of the evidence. Nor does it include a transcript of the proceedings below. We have previously discussed the predicament this presents to the appellate court:

> When reviewing a trial court's decision under this standard, particularly the trial court's findings of fact, it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence that comports with Rule 24 of the Tennessee Rules of Appellate Procedure. Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision.

*Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 WL 177902 at *3; 2007 Tenn. App. LEXIS 38, at *7-8 (Tenn. Ct. App. Jan. 25, 2007) (footnote omitted); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

In this case, Moore argues that Whitesell voluntarily and gratuitously made improvements to the leasehold, and so is not entitled to reimbursement. Resolution of this issue requires review of the evidence supporting the trial court's factual finding that the items at issue were personal property and not fixtures. Without a transcript or a statement of the evidence, we cannot review the evidence, and indeed cannot even identify the specific items of property that are at issue. Moreover, the trial court's factual findings on these issues are premised in large part on the trial court's assessment of the witnesses' credibility regarding their intentions with respect to the property. *See Keenan v. Fodor*, No. M2011-01475-COA-R3-CV, 2012 WL 3090303, at *6; 2012 Tenn. App. LEXIS 521, at *18-

19 (Tenn. Ct. App. July 30, 2012) ("[W]hen considering whether a chattel has become a fixture, the court must look to the manner and strength of its attachment to the realty, the difficulty and consequences of removing it, and the owner's intention at the time of attachment . . . the most important consideration of all is the intention of the parties and that the significance of the other factors comes principally from their role in supplying some sort of objective proof of the avowed intentions of the parties."); ***ANR Pipeline Co. v. TN Board of Equalization***, Nos. M2001-01098-COA-R12-CV, M2001-01117-COA-R12-CV, M2001-01119-COA-R12-CV, 2002 WL 31840689, at *3; 2002 Tenn. App. LEXIS 897, at *10-11 (Tenn. Ct. App. Dec. 19, 2002).

In the absence of any means by which to review the evidence presented, we must assume that the evidence at trial supported the trial court's factual findings. ***See Estate of Cockrill***, No. M2010-00663-COA-R3-CV, 2010 WL 4939950, at *4; 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court.") (citing ***Reinhardt v. Neal***, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); ***Sherrod,*** 849 S.W.2d at 783).

Moore also argues that there was ample testimony from witnesses at trial to refute Whitesell's claims regarding the existence, value, and quality of the items left on the premises. Without a transcript or a statement of the evidence, we have no way to ascertain the truth of this assertion. Again: "Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there [are] no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." ***Britt,*** 2007 WL 177902 at *3; 2007 Tenn. App. LEXIS 38, at *8; ***see also Sherrod***, 849 S.W.2d at 783 ("This court cannot review the facts *de novo* without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). ***See also Piper v. Piper***, No. M2005-02541-COA-R3-CV, 2007 WL 295237, at *4; 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007) ("An incomplete appellate record is fatal to an appeal on the facts.").

In the absence of a transcript or a statement of the evidence, we must conclusively presume that the evidence presented supported the facts as found by the trial court. ***Britt***, 2007 WL 177902 at *3; 2007 Tenn. App. LEXIS 38, at *8 (citing ***Leek v. Powell***, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996); ***Lallemand v. Smith***, 667 S.W.2d 85, 88 (Tenn. Ct. App. 1983)). With no means to review the evidence, we are left with little choice but to affirm the trial court's decisions on all issues raised by Moore on appeal.

**CONCLUSION**

The decision of the trial court is affirmed. Costs on appeal are assessed against Appellant Patricia Moore and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE