IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 21, 2018 Session

## CITY OF LA VERGNE v. BRIAN RISTAU

**Appeal from the Circuit Court for Rutherford County**
**No. 72817     Howard W. Wilson, Chancellor**

_____

### No. M2018-00542-COA-R3-CV

_____

The case involves the defendant's violation of a city ordinance.  The city cited the defendant for parking his commercial semi-truck on his private driveway and on city streets, which the city claimed was cracking the sidewalk and bringing mud into the street.  The municipal court found the defendant in violation of the ordinance, and the defendant appealed the municipal court's decision to the circuit court. The defendant raised several state and federal constitutional issues regarding the ordinance, but the circuit court found his arguments to be without merit and affirmed the municipal court's decision.  Finding no error, we affirm the decision of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Bennett J. Wills, and Brian T. Boyd, Brentwood, Tennessee, for the appellant, Brian Ristau.

Jack E. Gritton, II, Murfreesboro, Tennessee, for the appellee, City of La Vergne.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I.

Appellant Brian Ristau owned property in a residential neighborhood in La Vergne, Tennessee, and he also owned a commercial trucking business, which he operated out of his single-family home at that location. As a part of his business, Mr. Ristau possessed a 21,000-pound commercial semi-truck used for delivering water. He parked his semi-truck both on his private property and on the public street in front of his home.

On March 8, 2017, the City of La Vergne sent a letter to Mr. Ristau informing him that he was in violation of La Vergne City Code section 16-115, which regulates commercial trucks using city streets. It provides as follows:

**16-115. Commercial trucks regulated when using city streets.**

(1) No person shall drive any commercial truck or trailer in excess of fifteen thousand (15,000) pounds gross vehicle weight upon any street owned and maintained by the City of La Vergne. The provisions of this section shall not be deemed to prohibit the parking of public school buses on private property or the lawful parking of a commercial truck or trailer in excess of fifteen thousand (15,000) pounds gross vehicle weight upon any street for the actual loading or unloading of goods, wares, or merchandise, provided, however, that "loading" and "unloading" as used in this section shall be limited to the actual time consumed in such operation. Trucks making deliveries or pickups on streets not designated as a state or federal highway may do so provided that a state or federal highway is used until reaching the intersection nearest the destination point and then expeditiously returned to by the most direct route. Also, this section shall not prohibit the temporary parking of said vehicles when reasonably necessitated by a break down or other emergency, provided the chief of police is promptly notified of the circumstances and provided said parking pursuant to this emergency provision shall not be permitted in excess of twelve (12) hours.

(2) It shall be presumed that the person or persons owning and/or operating any truck or trailer which is found parked, standing, or unoccupied within the city limits on or adjacent to a city street that is not a part of the state or federal highway system, whether said vehicle be located upon private or public property, was the person or persons responsible for incurring the violation of this section, unless said person rebuts said presumption and proves said vehicle was used without operating it over a city street.

The letter included a copy of section 16-115 and photographs of the semi-truck parked outside of the home and further stated that Mr. Ristau had ten business days to correct the violation or that he would be "cited into City Court and be subject to fines and court costs." The letter claimed that Mr. Ristau's semi-truck was cracking the sidewalk and bringing mud into the street.

On March 28, the City cited Mr. Ristau for violating section 16-115, and the following month the municipal court found him in violation of the ordinance. Mr. Ristau appealed the municipal court's decision to the Circuit Court for Rutherford County, Tennessee. The court held a bench trial on February 6, 2018.

In his pre-trial brief,[2] Mr. Ristau did not argue that he was not in violation of the ordinance. Instead, he raised several state and federal constitutional issues regarding the ordinance. First, he argued that the ordinance is violative of the Equal Protection Clause of the U.S. Constitution and Article I, section 8 of the Tennessee Constitution. Second, Mr. Ristau argued that the ordinance violates the constitutional guarantees of due process because the ordinance is unconstitutionally vague and because he was not adequately informed of the allegations founding the charge against him. Finally, he argued that the ordinance is preempted by federal law—and, therefore, unenforceable—pursuant to the Supremacy Clause of the U.S. Constitution. According to Mr. Ristau, the ordinance conflicts with 49 U.S.C. § 31114, which provides that states "may not enact or enforce a law denying to a commercial motor vehicle . . . reasonable access between . . . the Dwight D. Eisenhower System of Interstate and Defense Highways . . . and . . . terminals, facilities for food, fuel, repairs, and rest, and points of loading and unloading . . .

The trial court entered its order on February 23, 2018, in which it held that "[Mr. Ristau]'s constitutional challenges to the validity of . . . § 16-115 as well as the charge against him made pursuant to said code provision are without merit." The court, therefore, concluded that the City met its burden of proof and affirmed the municipal court's decision. Mr. Ristau filed a timely notice of appeal.

**II.**

On appeal, Mr. Ristau raises the same arguments as he did before the trial court. When reviewing a trial court's findings following a bench trial, this Court reviews the record *de novo* and presumes that the trial court's findings of fact are correct unless the preponderance of the evidence is otherwise. *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.*, 194 S.W.3d 415, 424 (Tenn. Ct. App. 2005). We review the trial court's legal conclusions with no presumption of correctness. *Stricklin v. Stricklin*, 490 S.W.3d 8, 11 (Tenn. Ct. App. 2015). We also note that no transcript of the trial court proceedings was

---

[2] A transcript of the bench trial is not included in the record.

taken, and "in the absence of a transcript of the evidence, . . . the 'findings of fact made by the trial court are supported by the evidence heard in that court and must be accepted as true by the appellate court.'" *Lallemand v. Smith*, 667 S.W.2d 85, 88 (Tenn. Ct. App. 1983) (quoting *J.C. Bradford & Co. v. Martin Construction Co.,* 576 S.W.2d 586, 587 (Tenn.1979)).

## A. Equal Protection

First, we consider Mr. Ristau's first argument that the subject ordinance violates the guarantees of equal protection found in both the Tennessee and United States Constitutions. According to Mr. Ristau, section 16-115 "discriminates against those persons operating commercial vehicles in excess of fifteen thousand (15,000) pounds . . . [by] mak[ing] an express difference between a commercial vehicle and a school bus." He argues that "the Code allows government employees to take school buses home and park them on private property, but it does not allow private citizens the right to park commercial vehicles on private property . . . ."

The trial court found the ordinance does not violate either because "the ordinance does not discriminate against a protected class in substance or effect, [Mr. Ristau] is not a member of a protected class, and the City demonstrates a rational basis for the enactment of the ordinance." We must agree.

The United States Constitution prohibits a state from denying its citizens equal protection:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. *No state shall* make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor *deny to any person within its jurisdiction the equal protection of the laws.*

U.S. Const. amend. XIV, § 1 (emphasis added). Likewise, the Tennessee Constitution guarantees equal protection in two separate provisions—Article I, Section 8, and Article XI, Section 8—which provide:

> **No man to be disturbed but by law.**— That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

> **General laws only to be passed.**— The Legislature shall have no power to

suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law . . . .

"Our supreme court has determined that the equal protection provisions of the Tennessee and United States Constitutions, although not identical in content, provide 'essentially the same protection.'" *State v. Whitehead*, 43 S.W.3d 921, 925 (Tenn. Crim. App. 2000) (quoting *Tennessee Small Sch. Sys. v. McWherter,* 851 S.W.2d 139, 152 (Tenn.1993)). Where, such as here, a law does not interfere with a fundamental right— e.g., the right to vote—or does not discriminate against a protected class—e.g., alienage or race—it should be analyzed under a rational basis review. *Id.* "Under this standard, if some reasonable basis can be found for the classification, or if any state of facts may reasonably be conceived to justify it, the classification will be upheld." *McWherter*, 851 S.W.2d at 153.

Without the benefit of a transcript of the proceedings below, we must assume that the City demonstrated that commercial vehicles weighing more than 15,000 pounds damage sidewalks and roads and bring excessive mud into the streets, as it argues in its brief. The City certainly has an interest in protecting its streets and sidewalks for the benefit of its citizens, and Mr. Ristau has not met his burden of proving that this classification is unreasonable.

### B. Due Process

Next, we address Mr. Ristau's due process claim. The Fourteenth Amendment of the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "A fundamental requirement of due process is notice and an opportunity to be heard." *Phillips v. State Bd. of Regents of State Univ. & Comm. Coll. Sys.*, 863 S.W.2d 45, 50 (Tenn. 1993). In addition, "[d]ue process of law. . . requires that legislation provide fair warning to persons of common intelligence of what is required of them or what on their part is prohibited." *Smith Cty. v. Enoch*, No. M1999-00063-COA-R3-CV, 2003 WL 535914, at *6 (Tenn. Ct. App. Feb. 26, 2003).

The trial court determined that his due process argument was meritless, explaining that "the statute clearly prohibits the activity that Mr. Ristau is alleged to have committed and . . . Mr. Ristau was provided with written communication from the City of LaVergne, prior to the issuance of the citation, that informed him of both the law and his failure to

comply with it."[3]  Like the trial court, we conclude that Mr. Ristau's due process claims are without merit.  The ordinance he complains of unequivocally prohibits the use of City roads while driving commercial vehicles in excess of 15,000 pounds, the very conduct Mr. Ristau was cited for.  Moreover, the City gave him sufficient written notice of his violation over two weeks before issuing a citation.  We, therefore, agree with the trial court's conclusion.

### C. Preemption

Finally, we address Mr. Ristau's Supremacy Clause argument.   On appeal, he again argues that the ordinance conflicts with a federal statute and is therefore unenforceable.

The statute at issue, 49 U.S.C. § 31114, provides as follows:

> **(a) Prohibition on denying access.**--A State may not enact or enforce a law denying to a commercial motor vehicle subject to this subchapter or subchapter I of this chapter reasonable access between—
>
> **(1)** the Dwight D. Eisenhower System of Interstate and Defense Highways (except a segment exempted under section 31111(f) or 31113(e) of this title) and other qualifying Federal-aid Primary System highways designated by the Secretary of Transportation; and
>
> **(2)** terminals, facilities for food, fuel, repairs, and rest, and points of loading and unloading for household goods carriers, motor carriers of passengers, any towaway trailer transporter combination (as defined in section 31111(a)), or any truck tractor-semitrailer combination in which the semitrailer has a length of not more than 28.5 feet and that generally operates as part of a vehicle combination described in section 31111(c) of this title.
>
> **(b) Exception.**--This section does not prevent a State or local government

---

[3] Although Mr. Ristau raises essentially the same constitutional arguments as before the trial court, the City takes issue with his third issue on appeal—whether the ordinance violates the Fourteenth Amendment "because it impermissibly shifts the burden of proof onto the defendant."  While Mr. Ristau did make arguments related to the Fourteenth Amendment in his pretrial brief, it does not appear that he made this specific argument before the trial court, as it is not mentioned in his brief or in the court's order. *See Watson v. Waters*, 375 S.W.3d 282, 290 (Tenn. Ct. App. 2012) ("'It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion.'") (quoting *Lawrence v. Stanford,* 655 S.W.2d 927, 929 (Tenn.1983)).

from imposing reasonable restrictions, based on safety considerations, on a truck tractor-semitrailer combination in which the semitrailer has a length of not more than 28.5 feet and that generally operates as part of a vehicle combination described in section 31111(c) of this title.

Under the Supremacy Clause of the United States Constitution, U.S. Const. Art. VI, cl. 2, if a state law conflicts with a federal law, it is "'without effect,'" *Coker v. Purdue Pharma Co.*, No. W2005–02525–COA–R3–CV, 2006 WL 3438082, at *5 (Tenn. Ct. App. Nov. 30, 2006) (quoting *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992)), and therefore displaced by federal law. *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 672 (Tenn. 1997). In other words, it is preempted. The trial court discredited Mr. Ristau's Supremacy Clause argument, stating:

> After a review of 49 U.S.C. §31114 (2012), the Court finds that the ordinance at issue does not disallow commercial motor vehicles (as contemplated by the Federal Statute) reasonable access between the interstate highway system and access points contemplated by the law. Further, 49 U.S.C. §31114(b) expressly allows local governments to enact "reasonable restrictions based on safety considerations." The Court finds that the restrictions of the ordinance are both reasonable and designed with regard to the safety of the general public.

Again, we agree with the trial court's reasoning. The ordinance at issue simply does not conflict with the federal law. Section 16-115 does not deny commercial vehicles, such as Mr. Ristau's, from access between the interstate and any of the destinations contemplated by the federal statute. Moreover, the federal statute expressly makes an exception for "reasonable restrictions, based on safety considerations." Restricting access for large, commercial vehicles in order to maintain the condition of roads within the City's limits, including the residential roads at issue here, is reasonable. The City's ordinance, therefore, is not preempted.

### III.

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Brian Ristau, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE